No. 12,085.

BENJAMIN ET AL. *v.* WEBSTER.

100  15<br>
141  463

MUNICIPAL CORPORATION.—*Law of Incorporation.—Ordinances.—Fire Board. —Delegation of Powers and Duties.—Chief Engineer of Fire Department.—* The common council of a city, incorporated under the general law of this State for the incorporation of cities, is not authorized to pass ordinances which contravene the express provisions and the clear implications of the statute under which the city is incorporated. The creation of a fire board is unauthorized and is impliedly forbidden by the statute; and the attempt by ordinance to invest such fire board with powers and duties which the statute imposed upon the common council, or upon the chief engineer of the fire department, and which could not be delegated, is a palpable violation of the statute, and, therefore, invalid and void.

From the Marion Superior Court.

*J. R. Wilson* and *G. W. Spahr,* for appellants.

*A. Boice, R. O. Hawkins* and *C. S. Denny,* for appellee.

HOWK, J.—The city of Indianapolis is a city incorporated under the general law of this State, approved March 14th, 1867, and the various laws since passed supplemental to or amendatory of such general law, and is, or ought to be, governed thereby. In section 3106, R. S. 1881, in force since March 10th, 1873, it is provided that the common council of such a city "shall have the power to enforce ordinances," on certain subjects and for certain expressed purposes, and among others, in the *thirtieth* clause of such section, "to regulate and protect fire engines, hose, hook and ladders." Besides the specific power to enforce ordinances, mentioned in such section, and in addition thereto, it is further provided in section 3155, R. S. 1881, in force since March 14th, 1867, that "The common council shall have power to make other by-laws and ordinances not inconsistent with the laws of this State, and necessary to carry out the objects of the corporation," etc.

On May 15th, 1876, the common council of the city of Indianapolis passed an ordinance organizing the "fire department." Section 2 of this ordinance provided that the com-

mon council should elect three councilmen to serve and be known as the " fire board," of which board the chief of the fire department should *ex officio* be a member. After ·providing what officers and employees should constitute the fire department, and for the election by the common council of the chief and assistant-chief of the department, the ordinance then authorized the fire board to appoint all the other officers and members of the fire department. It was further provided that the fire board should have charge of all matters relating to the fire department, and have power to order all necessary repairs, and to make all needful rules for the regulation of the fire department. On May 28th, 1878, the city of Indianapolis having prior thereto, in conformity with law, passed under the government of a board of aldermen and a common council, certain sections of the ordinance organizing the fire department were amended so as to make the fire board to consist of one alderman and two councilmen, and the chief engineer of the fire department to be, as before, *ex officio* a member of such board. The amended ordinance also increased the number of the officers and employees of the fire department, and provided that all of them, except the chief fire engineer, should be appointed by the fire board and "hold their offices during good behavior."

On September 3d, 1879, another ordinance was passed, amending certain sections of the original ordinance organizing the fire department of the city of Indianapolis; but none of the provisions of this amendatory ordinance are material to any of the questions in this case, and they need not, therefore, be set out in this opinion. These were the ordinances of the city of Indianapolis in relation to the organization of the fire department and the " fire board " of such city, which were in force at the time the act of March 8th, 1881, supplemental to the general law of this State of March 14th, 1867, for the incorporation of cities, took effect and became a law.

Afterwards, on June 1st, 1881, the law-making power of the city of Indianapolis passed another ordinance, wherein it

was provided, among other things, that the "fire board," as then provided for by ordinances of such city, should consist of three members, who should be members of the common council, and should be elected at the time and in the manner then required by law, and who should serve as members of such fire board during their terms of office as councilmen. On January 11th, 1884, the board of aldermen and common council of the city of Indianapolis met in joint convention, and then elected and appointed the appellants, Frank E. Benjamin, Joseph W. Wharton and George W. Spahr, then members of such common council, to be members of the "fire board" of such city, to serve as such during their terms of office as councilmen. Thereupon the appellants accepted such election and appointment, and were duly qualified as members of such fire board, and entered upon the discharge of their official duties and the exercise of their powers under the aforesaid ordinances.

In addition to the foregoing facts, the appellants, the plaintiffs below, alleged in their complaint that the appellee, Joseph H. Webster, then claimed the right to manage and control the fire department of the city of Indianapolis, and to perform the duties and exercise the rights, privileges and powers pertaining to appellants as members of the fire board of the city of Indianapolis; and that appellee was about to wrongfully and unlawfully usurp, or attempt to usurp, the rights, powers, duties and privileges of the appellants, as members of such fire board, to their injury and damage, and in violation of their obligations, rights, duties and privileges, as members of such board, and to the injury of the good government of the fire department of such city, etc. Wherefore, etc.

A temporary restraining order was granted, as prayed for. The appellee appeared, and, his motion to dissolve the restraining order having been overruled, he answered appellants' complaint in a single special paragraph. Appellants' demur-

rer to appellee's answer was sustained by the court. Appellee excepted to this ruling, and, declining to amend or plead further, he was perpetually enjoined by the decree of the court at special term, in accordance with the prayer of the complaint.

On appeal the general term reversed the judgment at special term, and dissolved the temporary injunction, and from the judgment of the general term the appellants have appealed to this court.

In his answer to the complaint the appellee did not deny the passage of the several ordinances, recited in the complaint, creating the fire board of the city of Indianapolis, and prescribing the powers and duties of such board in relation to the fire department of such city; nor did he deny that the appellants were elected and qualified as members of such board. On the contrary, these matters were expressly admitted, but the appellee averred that he was and had been for more than two years past the duly elected, qualified and acting chief engineer of the fire department of the city of Indianapolis; that on May 24th, 1884, the common council and board of aldermen of such city had passed an ordinance repealing, in express terms, all the ordinances set out in the appellants' complaint; that afterwards, on July 14th, 1884, another ordinance was passed by the law-making power of such city for the organization of the fire department thereof, in which latter ordinance the powers and duties which had theretofore devolved upon the fire board were transferred to and conferred upon the chief engineer of the fire department; that such ordinance had never been repealed, amended or modified, and since the commencement of this suit was the only ordinance in force for the government of the fire department; and that since the passage of the latter ordinance the appellee had been, at all times, ready and willing, and had claimed the right, as chief engineer of the fire department, to carry out its provisions.

We are of opinion that this answer stated a full and com-

plete defence to the appellants' complaint, and that the de-
murrer thereto ought to have been overruled. The chief en-
gineer of the fire department is a city officer, provided for in
the general law of the State for the incorporation of cities.
Section 3098, R. S. 1881. In section 3201, R. S. 1881, in
force since March 14th, 1867, it is provided that "The chief
engineer shall have the superintendence of the fire department.
He shall see that all apparatus for the extinguishment of fires,
belonging to the city, is kept in proper order, and, from time
to time, report to the common council the condition of the
same, and the repairs or additions thereto to render the de-
partment efficient. He shall appoint a first and second as-
sistant engineer, with the advice and consent of the common
council, who shall act under his directions."

It seems to us that these statutory provisions must have
been overlooked by the law-making power of the city of In-
dianapolis in the passage of the several ordinances set out in
appellants' complaint, for, in creating the fire board and in
prescribing the powers and duties of such board, those ordi-
nances certainly contravened the express provisions and the
clear implications of the statute under which the city was and
is incorporated. The creation of the fire board was wholly
unauthorized by the statute, and it was impliedly forbidden
thereby. Powers and duties were attempted to be given to
such board, some of which the statute imposed upon the com-
mon council as a body, and some were the plain statutory du-
ties of the chief engineer of the fire department.

But it is claimed by the appellants that the supplemental
act of March 8th, 1881, referred to in their complaint, has so
recognized the existence of boards authorized or required by
ordinances of the city, as to vitalize and give validity to the
ordinances providing for the creation of the fire board, and
prescribing its powers and duties. Section 3054, R. S. 1881.
We do not think so. The statute has reference to such boards
only as had been lawfully created by ordinances of the city,
and not to boards whose creation, powers and duties were un-

authorized by the law for the incorporation of cities, and were in direct contravention of some of its provisions.

It is claimed also that the judgment of the general term, dissolving the temporary restraining order theretofore granted in the cause, was unauthorized by law, and, therefore, erroneous. This position is not well taken, and can not be sustained. In section 1360, R. S. 1881, in force since September 19th, 1881, express authority is given the general term to "render such judgment as may be deemed proper."

The judgment of the general term is affirmed, with costs.

