CITY OF MT. CLEMENS *v.* SHERBERT.

MUNICIPAL CORPORATIONS — PEDDLERS—LICENSE FEE — VALIDITY
OF ORDINANCE.

    Under 1 Comp. Laws 1897, § 3107, subd. 11, authorizing cities
    of the fourth class to regulate by ordinance the licensing of
    peddlers, but conferring no discretion upon the city officers
    in the matter of fixing license fees, an ordinance which pur-
    ports to prohibit the sale from house to house of a certain
    commodity without a license, but fails to fix the license fee, is
    invalid.

Exceptions before judgment from Macomb; Eldredge,
J. Submitted November 15, 1899. Decided February
20, 1900.

William Sherbert was convicted of peddling without a
license. Reversed.

*W. W. Wicker* (*Humphrey & Grant*, of counsel), for
appellant.

*O. C. Lungerhausen*, City Attorney, for appellee.

HOOKER, J. The defendant was convicted of the offense
of peddling tea, in contravention of an ordinance of the
city of Mt. Clemens which provides:

"No person shall in any way peddle in the city of Mt.
Clemens without having first obtained a license therefor
from the mayor or common council of said city; and the
selling of any commodity from a wagon, hand-cart, or
other receptacle, upon the streets of said city, and as well
selling from house to house, whether for present or future
delivery, shall be deemed peddling, within the meaning of
this ordinance."

"SEC. 3. The provisions of this ordinance shall not
apply to the sale of any article or commodity used for
feed or food when sold by the original grower or producer
thereof, or fish when sold by those who caught them, nor

to Indian baskets and beadwork when sold by makers thereof, nor to the sale of books."

It is contended that the defendant was improperly convicted, for the reason that no license fee is fixed by the ordinance for selling tea. The ordinance enumerates a long list of articles, and then provides (section 6) that:

"At any time license is desired to sell any article or commodity which is not herein especially provided for, the petition for that purpose shall be submitted to the common council, and their action upon such petition taken."

The city is authorized to pass ordinances—

"To license hawkers, peddlers, and pawnbrokers, and hawking and peddling, and to regulate, license, or prohibit the sale or peddling of goods, wares, merchandise, refreshments, or any kind of property or thing by persons going about from place to place in the city for that purpose." 1 Comp. Laws 1897, § 3107, subd. 11.

Until an ordinance is passed providing for such license, there is nothing to prohibit the sale of tea from house to house, which is a lawful occupation. The ordinance in question prohibits the sale from house to house of all commodities without a license, but it does not fix the license fee that shall be paid for the privilege of selling tea. While it fixes a schedule of fees for many articles, tea is nowhere included, and one who wishes to engage in the sale of tea must make an application, and await the action of the common council. The ordinance should definitely fix the fee, that one engaging in that business may know what it is, and have some assurance of uniformity of charge to those engaging in such business. See *Bull* v. *City of Quincy*, 9 Ill. App. 131; *Besse* v. *Village of Crotty*, 93 Ill. 180. This charter does not purport to give discretion to the city officers in fixing a license. It authorizes the regulation of the subject by ordinance. In discussing a similar question, the supreme court of Indiana said, in the case of *Bills* v. *City of Goshen*, 117 Ind. 226 (3 L. R. A. 264):

"Horr & Bemis' work on Municipal Police Ordinances (section 13) says: 'The extent to which discretion may be given to the ministerial officers in the granting of licenses is in dispute. Express power in the charter will warrant such delegation. The authorities differ widely, but the proper conclusion seems to be that as little latitude should be given to the ministerial officer as possible. In exercising a power to license certain occupations, the council should, by its ordinance, prescribe the exact occupation to be licensed; 'the amount of the fee to be charged, either uniformly or by reasonable classification; the conditions upon which the license may be issued, and the duration of its validity,' etc. Section 263, same authority, says: 'As has been already stated, no discretionary powers should be vested in the officers whose duty it is to execute the provisions of ordinances, and the rule is entirely applicable to this class of ordinances. The ordinance itself should specify every condition of the license, and the officer should be merely intrusted with the duty of issuing licenses to all who comply with the prescribed conditions.' This is undoubtedly the true theory and the correct law governing ordinances for license. The statute provides that the common council may, by ordinance, license, and may prohibit certain pursuits without first being licensed; and it further provides that ordinances prescribing penalties for the violation of the same shall be published. It is, further, a well-settled principle that cities cannot discriminate between citizens engaged in the same business; that, if they license, they must license all alike. See *Graffty* v. *City of Rushville*, 107 Ind. 502 (57 Am. Rep. 128); *Benjamin* v. *Webster*, 100 Ind. 15. It is therefore material to the validity of an ordinance that a fixed and definite license fee should be named therein, which all persons engaged in like business shall pay. Section 2 of the ordinance in question in this case is defective in that it does not fix any amount to be paid as a license fee, but leaves it open for the common council to fix the fee to be charged in each particular case. Besides, it seeks to delegate the power to fix the fee to be charged in each case to the mayor of the city, which there was no right to do. It is also defective in that it does not state the time of the duration and validity of the license to be issued. As we have stated, this ordinance provides a penalty for the violation of the ordinance, and the violation consists in the doing of the things specified without first having procured a license. The statute requires such

ordinances to .be published, and the material matters omitted from that ordinance are such as ought to be published, to advise the citizens what they are required to do to comply with the city law.   By the reading of this ordinance it could not be determined what license fee must be paid, nor the duration of the validity of the license.   It follows as a conclusion that, if the defects could be supplied by the passage of another ordinance by the council (which must be conceded to be exceedingly doubtful), such supplemental ordinance must be published before it could be effective."

It is unnecessary to discuss the other questions raised. The conviction is set aside, and no new trial ordered.

The other Justices concurred.