Bills *v.* The City of Goshen.

Filed Jan. 31, 1889.

———◆———

No. 13,392.

BILLS *v.* THE CITY OF GOSHEN.

MUNICIPAL CORPORATION.—*Ordinance.—License Fees.*—An ordinance in reference to the licensing of a place of amusement is invalid if a fixed and definite license fee is not named therein, which all persons engageb in like business must pay, and if it does not state the time of the duration of the license to be issued.

SAME.—*Defective Ordinance.—How Cured.*—A defective ordinance can not be remedied on motion of a member of the common council. If the defects can be supplied by the passage of another ordinance, such supplemental ordinance must be published before it can be effective.

| 117 | 221 |
| --- | --- |
| 129 | 115 |
| 117 | 221. |
| 138 | 37 |
| 138 | 345 |
| 117 | 221 |
| 143 | 163 |
| 117 | 221 |
| 145 | 480 |
| 146 | 533 |
| 117 | 221 |
| 165 | 269 |
| 165 | 305 |
| 117 | 221 |
| 166 | 76 |

SAME.—*Penalty.*—A provision in an ordinance, fixing the penalty at a maximum amount, is valid. The court or jury trying the cause may fix the penalty within the bounds prescribed, with the right to vary in amount, owing to the gravity of the offence.

From the Elkhart Circuit Court.

*H. C. Dodge, R. M. Johnson* and *E. G. Herr,* for appellant.

*I. A. Simmons, J. H. Baker, F. E. Baker* and *J. H. Defrees,* for appellee.

OLDS, J.—On the 19th day of January, 1885, the common council of the city of Goshen passed the following ordinance:

"ORDINANCE No. 55.

" In relation to licensing shows and other amusements.

" SECTION 1. It shall not be lawful for any person to own, conduct or manage for gain, within the city, any theater, circus, caravan, roller skating-rink, or other exhibition, show or amusement, or exhibit any natural or artificial curiosities, or panorama or other show or device of any kind, or give any concert or other musical entertainment without a license: *Provided,* That for musical parties or concerts, and exhibitions of paintings and statuary, given or made by citizens of this city, no license shall be required; and also lectures on historical, scientific, benevolent or literary subjects, and the apparatus for the elucidation of the same, and the specimens of fine art, shall be deemed within this proviso.

" SEC. 2. License shall be granted by the mayor upon written application of any one, for any of the purposes aforesaid, upon the payment into the city treasury of such sum of money as the mayor or common council shall determine in each particular case : *Provided,* That for a circus or animal show or caravan, the license shall not be granted for a less sum than ten dollars.

" SEC. 3. Any person that shall violate any of these provisions of this ordinance, or who shall refuse or fail to comply with any or either of the requirements thereof, shall be fined in any sum not exceeding one hundred dollars and costs.

" SEC. 4. This ordinance shall take effect and be in force from and after its passage and publication for two consecutive weeks in the Goshen Times."

On the 9th day of February, 1885, the following further proceedings were had by the common council : " Councilman Drake moved that the license fee for skating-rinks be fixed at one hundred and fifty dollars per annum, and that the manager of the rink be required to pay that amount, his license to date from Monday, February 16th, 1885. The motion was seconded by Councilman Scott, and carried. Councilman Drake moved that the manager of the rink be required to pay his license in two instalments, semi-annually in advance, which motion was carried."

On the 5th day of March, 1886, this action was commenced before one E. L. Billings, who was the then acting mayor of the city, charging appellant with a violation of sections 1 and 3 of this ordinance. A conviction was had and an appeal taken to the circuit court, and there an amended complaint was filed, setting out in such amended complaint the ordinance and the action taken by the common council as hereinbefore set out, and alleging that the appellant was engaged in said city in managing, running and operating a roller skating-rink for hire and gain on, and prior to, the 16th day of February, 1885; that the city offered to him a license duly issued and demanded of him the first payment; that appellant refused to pay and accept the license, and charging that he violated sections 1 and 3 of the ordinance, on the 16th day of February, 1885, in that he did then and there unlawfully for gain own, conduct, operate and manage a roller skating-rink without having first obtained a license.

Appellant filed a demurrer to the complaint, for the cause that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, to which ruling appellant at the time excepted.

Appellant then filed an answer, to which answer appellee

demurred. The demurrer was sustained and appellant excepted.

Errors are assigned on the ruling of the court on the demurrers to the complaint and answer.

The question presented and argued is as to the validity of the ordinance.

Section 3099, R. S. 1881, declares : "All by-laws and ordinances shall, within a reasonable time after their passage, be recorded in a book kept for that purpose, and shall be signed by the presiding officer of the city, and attested by the clerk."

Section 3106, defining the powers of the common council, provides that they shall have the management and control of the finances of the city, and of all property, real and personal, belonging thereto; and shall have the additional powers therein permitted, and may make and publish by-laws and ordinances necessary to enforce the same. The common council shall have the power to enforce ordinances.

The fourteenth and fifteenth subdivisions of the section are as follows :

"*Fourteenth.* To regulate and restrain all tables, alleys, machines, devices, or places of any kind for sports or games, kept for hire or pay, or to prohibit the use of the same, as aforesaid, if deemed expedient, without a license being first obtained therefor; and, if deemed necessary to preserve peace, good order, and morality; to prohibit the use of the same, as aforesaid, by the infliction of such penalties as this act will permit, to be provided for by ordinance.

"*Fifteenth.* To regulate and restrain all theatrical and other exhibitions and public shows for which money is demanded or received ; and, if deemed expedient, to prohibit the same without a license having been first obtained therefor."

It is by virtue of these sections of the statute that the city is given whatever power and right she has to regulate games

and sports, and prohibit the same without license, and to provide for licensing the same.

Section 3100 declares : " Every by-law imposing a penalty or forfeiture for the violation thereof, shall, before the same shall take effect, be published two weeks consecutively in some newspaper printed in the city."

The words " ordinance " and " by-law " are used interchangeably in the statute, and they are synonymous. Horr & Bemis Municipal Police Ordinances, section 1, defining ordinance, says : " Municipal ordinances are laws passed by the governing body of a municipal corporation for the regulation of the affairs of the corporation. The term *ordinance* is now the usual denomination of such acts, although in England and in some of the States the technically more correct term *by-law* or *bye-law* is in common and approved use. The main feature of such enactments is their local as distinguished from the general applicability of the State laws ; hence the word *law*, with the prefix *by* or *bye*, should in strictness be preferred to the word *ordinance*."

By the authority vested by statute the city passed the ordinance in question in this case, prohibiting persons from doing the things therein designated within the city limits, providing for a license permitting them to engage in such pursuits as named in the ordinance, and fixing a penalty for the violation of such ordinance. If the ordinance was valid, the violation of the ordinance would consist in engaging in such pursuits, and in this instance the violation would have consisted in owning, conducting or managing a roller skating-rink without having procured a license so to do.

It was evidently not the intention of the common council—the law-makers of the city—to entirely prohibit the owning, conducting or managing of such roller skating-rink, but only to prevent the same being done without a license. Therefore, if the ordinance does not provide for licensing the same, then the ordinance is void, and there can be no recov-

ery for conducting and managing a roller skating-rink. Horr & Bemis' work on Municipal Police Ordinances, section 13, says: "The extent to which discretion may be given to the ministerial officers in the granting of licenses is in dispute. Express power in the charter will warrant such delegation. The authorities differ widely, but the proper conclusion seems to be that as little latitude should be given to the ministerial officer as possible. In exercising a power to license certain occupations, the council should by its ordinance prescribe the exact occupation to be licensed, the amount of the fee to be charged, either uniformly or by reasonable classification, the condition upon which the license may be issued, and the duration of its validity," etc. Section 263, same authority, says: "As has already been stated, no discretionary powers should be vested in the officers whose duty it is to execute the provisions of ordinances, and the rule is entirely applicable to this class of ordinances. The ordinance itself should specify every condition of the license, and the officer should be merely intrusted with the duty of issuing licenses to all who comply with the prescribed conditions."

This is undoubtedly the true theory and the correct law governing ordinances for license. The statute provides that the common council may, by ordinance, license, and may prohibit certain pursuits without first being licensed, and it further provides that ordinances prescribing penalties for the violation of the same shall be published. It is, further, a well settled principle that cities can not discriminate between citizens engaged in the same business; that if they license they must license all alike. See *Graffty* v. *City of Rushville,* 107 Ind. 502; *Benjamin* v. *Webster,* 100 Ind. 15.

It is, therefore, material to the validity of an ordinance that a fixed and definite license fee should be named therein, which all persons engaged in like business shall pay. Section 2 of the ordinance in question in this case is defective in that it does not fix any amount to be paid as a

license fee, but leaves it open for the common council to fix the fee to be charged in each particular case; besides it seeks to delegate the power to fix the fee to be charged in each case to the mayor of the city, which there was no right to do. It is also defective in that it does not state the time of the duration and validity of the license to be issued. As we have stated, this ordinance provides a penalty for the violation of the ordinance, and the violation consists in the doing of the things specified, without first having procured a license. The statute requires such ordinances to be published, and the material matters omitted from that ordinance are such as ought to be published to advise the citizens what they are required to do to comply with the city law. By the reading of this ordinance it could not be determined what license fee must be paid, nor the duration of the validity of the license. It follows as a conclusion that, if the defects could be supplied by the passage of another ordinance by the council (which must be conceded to be exceedingly doubtful), such supplemental ordinance must be published before it could be effective.

The ordinance as passed was defective and void.

The statute empowered the city to regulate and restrain certain things named therein without a license being first obtained therefor; but in granting the power it says: "The common council shall have the power to enforce ordinances, to regulate and restrain," etc. The power was given to be exercised in a certain way, *i. e.*, by ordinance, by a by-law, and the statute also declares how an ordinance or a by-law shall be passed; it requires it to be signed by the presiding officer and attested by the city clerk and recorded, and having vested the power in the city to be exercised in a certain way, it can not be enforced otherwise than as provided by the statute.

The attempt to afterwards supply the defect in the ordinance by a motion made by one of the common council, seconded by another, and put to a vote and carried, certainly can not

be held to be a compliance with the statute we have referred to, or a proper way to remedy a defective ordinance.

There are other questions presented as to the phraseology of the ordinance, which we do not deem it necessary to consider. The ordinance being invalid for the reasons stated, there can be no action based upon it, and if another ordinance should be enacted, the objection would no doubt be avoided. There is, however, one further question which should receive consideration, and that is as to the definiteness of the penalty. Numerous cases have been passed upon by this court involving the validity of ordinances with like provisions as to the penalty, and they have been held valid, yet we have not been able to find where the objection here urged has been presented and decided, neither have counsel in their briefs called our attention to any.

It is contended by counsel for appellant that as section 3155, R. S. 1881, provides that the common council may enforce the observance of all by-laws and ordinances by enacting penalties for their violation, not exceeding one hundred dollars for any offence, it is incumbent on the council to fix a sum definite as a penalty, and that they can not fix a maximum amount and leave it to the discretion of the court to assess a penalty in any amount which seems to the court proper, not exceeding such sum, as under this ordinance the penalty assessed might be any sum not exceeding one hundred dollars, and there are authorities holding to the theory of the counsel. Horr & Bemis Municipal Police Ordinances, section 79, says: "The better rule seems to be that it is definite enough to set limits to the amount of the fine that may lawfully be exacted, or the length of the imprisonment that may be inflicted." See, also, McConvill v. Jersey City, 39 N. J. 38, and Toledo, etc., R. W. Co. v. Deacon, 63 Ill. 91. We think this is the proper rule to adopt, and it is in harmony with our system of jurisprudence to allow the court or jury trying the cause to fix the penalty within the bounds prescribed, with the right to vary in amount, owing to the

gravity of the offence, and is not objectionable to any provisions of the Constitution.

The right to pass the ordinance is vested in the common council, and the right to enforce it and assess the penalty is vested in the courts. The ordinance is not objectionable on that account.

For the reasons we have stated, the amended complaint was bad, and the court below erred in overruling the demurrer thereto.

Judgment reversed, with directions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

MITCHELL, J., took no part in the consideration of this case.

