Filed Sept. 19, 1891.

———◆———

No. 14,560.

THE CITY OF RICHMOND v. DUDLEY.

MUNICIPAL CORPORATION.—*Ordinance Relating to Explosive Substances.— Invalidity of.*—A city ordinance placing restrictions upon the keeping and storing of inflammable or explosive oils is invalid which fails to specify the rules and conditions to be observed in such business, and which does not admit of the exercise of the privilege by all citizens alike, who will comply with such rules and conditions; but which does admit of the exercise of an arbitrary discrimination by the municipal authorities, between citizens who will so comply.

From the Wayne Circuit Court.

*A. C. Lindemuth, H. C. Fox* and *J. G. Robbins*, for appellant.

*C. H. Burchenal* and *J. L. Rupe*, for appellee.

MILLER, J.—This was an action brought before the mayor of the city of Richmond against the appellee for the violation of a city ordinance regulating the storing and keeping of petroleum, and other inflammable oils, within the corporate limits. Judgment was rendered against the appellee before

The City of Richmond *v.* Dudley.

the mayor, and the cause appealed to the Wayne Circuit Court. In that court demurrers were sustained to the several paragraphs of complaint, and judgment on the demurrer rendered against the appellant.

The only question before us is as to the validity of the ordinance.

The sections of the ordinance to which the objections are made are as follows:

" Section 1. *Be it ordained by the Common Council of the city of Richmond*, That it shall be unlawful for any person to keep or store any petroleum, naphtha, benzine; gasoline, coal oil, or any inflammable or explosive oils within the corporate limits of the city of Richmond, in quantities greater than five barrels at a time, except as hereinafter provided.

"Section 2. Any person desiring to keep or store any of the oils, or products mentioned in the first section of this ordinance within the corporate limits of the city, in quantities greater than five barrels at a time, shall present a written petition to the common council at a regular meeting thereof, setting forth an exact description of the location, premises, and buildings on, and in which it is proposed to keep and store such oils and products, and the manner and kind of vessels in which the same are to be kept, the kind of oils, and the purpose for which they are to be kept.

" Section 3. Upon the presentation of the petition, as provided in section two of this ordinance, the common council may, if the location and buildings described in said petition, and the purpose and keeping of such oils and products, are deemed suitable and proper, and that the person presenting such petition is a proper person, grant such permission to the person presenting such petition to keep and store such oils and products on the premises and in the manner set forth in the petition, or in the manner which the council may direct, in quantities greater than five barrels at a time, which permission so granted may be revoked at any time at the op-

tion of the council ; and the rights and privileges to be exercised by the person receiving said permission shall not be assignable or transferable, by the person receiving the same, to any other person directly or indirectly, and any attempt so to do shall be deemed a revocation of all rights and privileges on the part of the person making the attempt."

Two objections are urged against the validity of this ordinance :

1. That it gives to the council the power to arbitrarily discriminate between citizens, by giving the permission to some and withholding it from others under similar conditions, and because it specifies no terms, or conditions, to be observed in the keeping or storing of such oils, which could be complied with by all citizens alike.

2. That the ordinance is unreasonable, and is an undue restraint upon lawful trade and business.

The subject covered by the ordinance in question is clearly within the police power conferred by the charter upon the municipality.

Section 3155, R. S. 1881, provides that the common council of a city shall have power to make by-laws and ordinances not inconsistent with the laws of the State, and necessary to carry out the objects of the corporation.

The danger to be apprehended to life and property from the storing of inflammable or explosive substances in large quantities within the limits of a city is so great as to invite legislative control of the same by the city government.

The principal question in this case is whether or not the ordinance in question is a valid exercise of that power.

It will be observed that this ordinance does not establish any general rules for the storage of the substances proposed to be regulated, but reserves to itself, at regular meetings, the right to grant or refuse permission to keep and store such oils, dependent upon whether it at such time deems the location and buildings suitable for such purpose, and the

person presenting the petition "a proper person." It further provides that the permission when granted "may be revoked at any time at the option of the council."

Language better calculated to enable the common council to arbitrarily control the business, without any fixed or known rules, can not well be imagined. The business of keeping, storing and dealing in such oils is a legitimate business, and every citizen has an inherent right to engage in the business upon equal terms with any other citizen.

In the case of *Bills* v. *City of Goshen,* 117 Ind. 221, an ordinance of the city requiring a license for carrying on the business of roller skating, and providing that such license should be issued upon the payment into the city treasury of such sum of money "as the mayor or common council shall determine in each particular case," was held invalid, the objection being that a discretion was lodged in the mayor or common council in fixing the fee to be charged. In the opinion this language is quoted with approval from Horr and Bemis on Mun. Police Ordinances:

"The ordinance itself should specify every condition of the license, and the officer should be merely intrusted with the duty of issuing licenses."

In *Yick Wo* v. *Hopkins,* 118 U. S. 356, an ordinance of the city of San Francisco, prohibiting the carrying on of laundries without a permit, from the board of supervisors, except in buildings constructed of stone, was held invalid. The court says: "It does not prescribe a rule and conditions for the regulation of the use of property for laundry purposes, to which all similarly situated may conform. It allows without restriction the use for such purposes of buildings of brick or stone; but, as to wooden buildings, constituting nearly all those in previous use, it divides the owners or occupiers into two classes, not having respect to their personal character and qualifications for the business, nor the situation and nature and adaptation of the buildings themselves, but merely by an arbitrary line, on one side of which

are those who are permitted to pursue their industry by the mere will and consent of the supervisors, and on the other those from whom that consent is withheld, at their mere will and pleasure. And both classes are alike only in this, that they are tenants at will, under the supervisors, of their means of living."

In *Mayor, etc.,* v. *Radecke,* 49 Md. 217, an ordinance of the city of Baltimore prohibiting the use of steam whistles without the permit of the mayor was held invalid. The objection to the ordinance was that it permitted him to exercise his own discretion in revoking a permit, without general rules to guide or control his action.

In *Barthet* v. *City of New Orleans,* 24 Fed. Rep. 563, an ordinance was held invalid which made it unlawful to maintain a slaughter-house, " except permission be granted by the council of the city of New Orleans."

In *State* v. *Mahner* (La.), 9 South. Rep. 480, an ordinance of the city of New Orleans forbidding the keeping of dairies within certain limits, except by the permission of the city council, was held to be null and void.

In *City of Newton* v. *Belger,* 143 Mass. 598, an ordinance which permitted the board of aldermen to exercise a discretion in granting or refusing a permit for the erection of buildings within a fire district was held invalid.

Ordinances, apparently aimed at the " Salvation Army," prohibiting marching through the public streets without first obtaining the consent of the mayor or common council, or some other specified officer, not containing regulations operating uniformly on all processions, have been held invalid in *Matter of Frazee,* 63 Mich. 396 ; *Anderson* v. *City of Wellington,* 40 Kan. 173 ; and *City of Chicago* v. *Trotter* (Ill.), 26 N. E. Rep. 359.

It seems from the foregoing authorities to be well established that municipal ordinances placing restrictions upon lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed

in such conduct or business; and must admit of the exercise of the privilege by all citizens alike, who will comply with such rules and conditions; and must not admit of the exercise, or of an opportunity for the exercise, of any arbitrary discrimination by the municipal authorities, between citizens who will so comply.

We are of the opinion that the ordinance under consideration is objectionable for the reasons indicated.

Having arrived at a conclusion that will necessarily not only dispose of the case, but invalidate the ordinance, we deem it unnecessary to pass upon the other objection to its validity.

The ordinance in its present form can not be enforced, and if another one should be enacted we must presume that the municipal authorities will, in their wisdom, enact a proper and reasonable ordinance.

Judgment affirmed.

