JAMES D. DRISCOLL v. THE MAYOR AND COMMON
.COUNCIL OF THE CITY OF SALEM.

. Submitted June 5, 1901—Decided November 11, 1901.

1. An ordinance .is void which fails to fix the license fee, but leaves
   it to some city official.
2. An ordinance passed under the act of May 16th, 1894 (*Pamph. L.,*
   *p.* 393), cannot authorize the imposition of a license fee as a con-
   dition to the right to vend milk, meat, bread or cake or any product
   of the vendor's farm.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *William T. Hilliard.*

For the defendant, *Jonathan W. Acton.*

The opinion of the court was delivered by

FORT, J.   The ordinance brought up in this case is the
same as that held void in *Thurlow Medical Co.* v. *Salem, ante*
*p.* 111, decided at the present term, and hence this case is ruled
by that.   But if that were not the fact and the ordinance were
not void, it still would not be a justification for the imposition
of a license fee upon a milk vendor.   We held, in the case of
the Thurlow Medical Company, just referred to, that the city
had power to impose licenses for revenue only, under the act
of May 16th, 1894.   This ordinance, being declared by its
title to be one for revenue, must find support in that statute,
but that act, by its proviso, expressly declares "that no per-
son shall be required to take out a license in order to sell any
product of his farm, or to sell meat, milk, bread or cake." .
*Pamph. L., p.* 393.

The ordinance is set aside.