## CITY OF ELKHART v. MURRAY.

[No. 20,453. Filed October 10, 1905.]

MUNICIPAL CORPORATIONS. — Ordinances. — Street Railroads. — Fenders.—Approval of Council.—A municipal ordinance making it unlawful to run a street car not equipped with a certain fender, or one equally as good "to be approved by the common council or its street committee," is bad, since it fails to furnish a uniform rule of action and gives the power to particular persons to grant exclusive privileges.

From Elkhart Circuit Court; Joseph D. Ferrall, Judge.

Action by the City of Elkhart against Forrest Murray. From a judgment for defendant, plaintiff appeals. Affirmed.

John M. Van Fleet and Vernon W. Van Fleet, for appellant.

Brick & Bates and Perry L. Turner, for appellee.

MONKS, C. J.—This action was brought by the city of Elkhart for the violation, by appellee, of an ordinance which provides that "It shall be unlawful on and after May 1, 1903, to run any street car within the limits of said city without having securely fastened to its front end a Hunter Automatic Fender, made by the Hunter Automatic Fender Company, of Covington, Kentucky, or some other fender equally as good, to be approved by the common council or its street committee." The court below held the ordinance invalid, and rendered judgment in favor of appellee.

There was no law in force in 1903, when said ordinance was passed, granting, in express words, to cities of the class to which appellant belonged the power to require street cars running within the city limits to be equipped with fenders. But, assuming that such power may be implied from those granted *(People* v. *Detroit United Railway* [1903], 134 Mich. 682, 97 N. W. 36, 63 L. R. A. 746, 749, and cases cited), was said ordinance a reasonable exercise of that power? Such power, if possessed by the city, must be exercised by ordinance. The ordinance must contain permanent legal provisions operating generally and impartially upon all within the territorial jurisdiction of such city, and no part thereof be left to the will or unregulated discretion of the common council or any officer. If an ordinance upon its face restricts the right of dominion which the owner might otherwise exercise without question, not according to any uniform rule, but so as to make the absolute enjoyment of his own depend upon the arbitrary will of the city authorities, it is invalid, because it fails to furnish a uniform rule of action and leaves the right of property subject to the will of such authorities, who may exercise it so as to give exclusive profits or privileges to particular persons. *City of Richmond* v. *Dudley* (1891), 129 Ind. 112, 13 L. R. A. 587, 28 Am. St. 180, and cases cited; *Bills* v. *City of Goshen* (1889), 117 Ind. 221, 3 L. R. A. 261; *Bessonies* v. *City of Indianapolis* (1880), 71 Ind. 189; *City of Plymouth* v. *Schultheis* (1893), 135 Ind. 339; *Mayor, etc.,* v. *Radecke* (1878), 49 Md. 217, 33 Am. Rep. 239; *State, ex rel.,* v. *Dering* (1893), 84 Wis. 585, 54 N. W. 1104, 19 L. R. A. 858, 36 Am. St. 948; *Cicero Lumber Co.* v. *Town of Cicero* (1898), 176 Ill. 9, 27, 51 N. E. 758, 42 L. R. A. 696, 68 Am. St. 155, and authorities cited; *Noel* v. *People* (1900), 187 Ill. 587, 591, 592, 58 N. E. 616, 52 L. R. A. 287, 79 Am. St. 238; *City of Chicago* v. *Trotter* (1891), 136 Ill. 430, 438, 26 N. E. 359; *State* v. *Tenant* (1892), 110 N. C. 609, 612, 613, 14 S. E. 387, 28 Am. St. 715, 15

L. R. A. 423, and cases cited; *Town of State Center* v. *Barenstein* (1885), 66 Iowa 249, 23 N. W. 652; *City of Jacksonville* v. *Ledwith* (1890), 26 Fla. 163, 7 South. 885, 9 L. R. A. 69, 23 Am. St. 558, and authorities cited on pages 575, 576; *City of Newton* v. *Belger* (1887), 143 Mass. 598, 10 N. E. 464; *State* v. *Mahner* (1891), 43 La. Ann. 496-498, 9 South. 480; *May* v. *People* (1891), 1 Colo. App. 157, 27 Pac. 1010.

In *Bessonies* v. *City of Indianapolis, supra,* at page 197, this court said: "Without any provision as to the location or management of hospitals, the ordinance attempts to make it unlawful for any one to establish or conduct one without a license or permit from the common council and board of aldermen; and the granting or refusal of the license or permit is not governed by any prescribed rules, but rests, in such case, in the uncontrolled discretion of the common council and board of aldermen. It is apparent, that, under the ordinance, if valid, the common council and board of aldermen have the power to grant or refuse the license in any given case, at their mere pleasure; and that no one can conduct or maintain a hospital within the city, however harmless or beneficial it might be, except by the consent of the common council and board of aldermen. It is not necessary to suppose that the common council and board of aldermen would abuse the power thus assumed by them, to grant or refuse the license, as they might think proper, or that they would exercise it otherwise than as they might think for the public good. It is sufficient to say, that, if the ordinance is valid, the common council and board of aldermen have it in their power to grant one person a license, and refuse another, under the same circumstances. No law could be valid, which, by its terms, would authorize the passage of such an ordinance. The twenty-third section of the bill of rights provides, that 'The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally be-

long to all citizens.' What the legislature can not do directly in this respect, it can not authorize a municipal corporation to do.''·

In *City of Richmond* v. *Dudley, supra,* at page 116, this court said: "It seems from the foregoing authorities to be well established that municipal ordinances placing restrictions upon lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed in such conduct or business; and must admit of the exercise of the privilege by all citizens alike, who will comply with such rules and conditions; and must not admit of the exercise, or of an opportunity for the exercise, of any arbitrary discrimination by the municipal authorities, between citizens who will so comply."

It will be observed that said ordinance requires the use of the particular fender described therein, or some other fender equally as good, to be approved by the common council or street committee. The ordinance, if valid, vests in the common council and street committee an arbitrary discretion which they may exercise or not at their pleasure. They have the power to approve a fender for use by one street railroad company, and refuse approval of the same fender for use by another company under the same circumstances and conditions. They. also have the power to approve one or more fenders, and refuse approval of other fenders equally as good or better, whether made by the street railroad company or some one else, thus arbitrarily discriminating in favor of some manufacturers and against others. It is the fact that said officers have the power to do this, and not that they will do so, that renders said ordinance invalid. ·

Judgment affirmed.