[No. 15716.   Department Two.   March 24, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER
SCOTT et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS (26, 325) — LICENSES — DELEGATION OF
AUTHORITY.   Delegation of power to fix a license fee cannot be vested
in a ministerial officer, where by city charter (Tacoma, art. 1, subd.
32), and under statute (Rem. Code, § 7507, subd. 33), the city council
is vested with power to fix the amounts of licenses granted by the
city.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered September 9, 1919,
upon conviction of criminal conspiracy.   Reversed.

*Homer T. Bone* and *John T. Mulligan,* for appel-
lants.

*Wm. D. Askren* and *Earl V. Clifford,* for respond-
ent.

MAIN, J.—The defendants were charged under an
ordinance of the city of Tacoma with a criminal con-
spiracy to do the things prohibited thereby without
first having obtained permission from the commission-
er of public safety.   From the judgment entered upon
a verdict of guilty, they prosecute this appeal.   An or-
ganization referred to in the record as the Soldiers
and Sailors Mutual Aid Association, and also as the
Soldiers and Sailors Council, was desirous of holding
a tag day in Tacoma for the benefit of the ex-soldiers
and sailors.   To this end, a petition was presented to
the city council and was referred to the commissioner
of public safety, who subsequently denied it.   There-
after, and upon April 5, 1919, without permission be-
ing granted, a tag day was held.   The appellants were
arrested, tried, and convicted of a criminal conspiracy
to hold the tag day without having obtained the per-

[1]Reported in 196 Pac. 576.

mission as required by the ordinance. The conviction was had under subdivision 7 of § 62 of an ordinance which covers the general subject of peddlers and hawkers. Subdivision 7 is as follows:

"For peddling any article not particularly mentioned herein a license may be issued by the City Clerk, upon the approval of the Commissioner of Public Safety, for a time not to exceed thirty days, upon payment by the person making the application therefor, of such a license fee as the Commissioner shall deem equitable and proper, but such fee shall not be less than $1.00."

It will be observed that, in the quoted subdivision, the license fee to be required is not fixed. It is provided that it shall not be less than one dollar and shall be such a fee "as the Commissioner shall deem equitable and proper." This leaves to the judgment of the commissioner of public safety the right or power to fix the license fee. The controlling question in the case is whether the city council had the right to delegate to the commissioner of public safety the fixing of the license fee. Under the charter of the city, subdivision 32, of article 1, the city council is given the power "to grant license for any lawful purpose and to fix the amount to be paid therefor. . . ." Under the statute, Rem. Code, § 7507, subdivision 33, the city council had power "to grant licenses for any lawful purpose, and to fix by ordinance the amount to be paid therefor. . . ."

It will be noticed that the language of the charter and the language of the statute are identical. The power to grant licenses and to fix the amount therefor having been reposed in the city council that body had no right by ordinance to delegate this authority to the commissioner of public safety who, as such officer, in the granting of the license and fixing the fee, would act in an administrative capacity. In *Thurlow*

*Medical Co. v. Mayor of Salem,* 67 N. J. Eq. 111, 50 Atl. 475, a similar question was presented to the supreme court of the state of New Jersey. There the ordinance provided that the application for the license should be presented to the mayor of the city, who had power to grant the same upon the payment of a sum of not more than fifty dollars, to be fixed by the mayor or in his absence by the city recorder. It was there held that the city council could not vest its discretion to fix license fees in some city official. The charter of the city authorized the city council to fix the fee. It was there said:

"The fees must be fixed in the ordinance. The ordinance before us provides as follows: 'Application shall be made for such license to the mayor of the city of Salem, or in his absence to the city recorder, who may grant such license to said applicant upon the payment of a sum of not more than fifty dollars, to be fixed by the mayor, or, in his absence, by the city recorder.' No authority can be found to sustain such a provision as that. The city council cannot vest its discretion to fix license fees in some city official."

In *Bills v. City of Goshen,* 117 Ind. 221, 20 N. E. 115, upon the same question it was said:

"It is therefore material to the validity of an ordinance that a fixed and definite license fee should be named in the ordinance, which all persons engaged in like business shall pay."

The other questions discussed in the briefs and upon the oral argument will not be considered and decided because the decision upon the question above discussed is controlling.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.