## STATE OF INDIANA v. DOUGLAS ET AL.

[No. 24,529. Filed July 2, 1924. Rehearing denied May 15, 1925.]

1. DRAINS.—*Drain may, be ordered constructed across State Highway on petition of township without notice to State.*— Under the provisions of §6167 Burns 1926, §6141 Burns 1914, a circuit court has jurisdiction of a drainage proceeding on the petition of a township, and may order the construction of a drain across a State Highway although the State is not a party thereto and the Attorney-General is not notified. p. 210.

2. OFFICERS.—*Officer cannot be given arbitrary discretion as to granting, permission to do an act otherwise lawful.*—An officer cannot be given arbitrary discretion to give or withhold permission to do an act otherwise lawful. p. 211.

3. HIGHWAYS.—*One cutting, into or through highway must restore it. to its original condition.*—Ordinarily, one who tears up or cuts through a highway is under the duty to restore it to as good condition as it was before. p. 211.

4. DRAINS.—*Across State Highway cannot be forbidden by State Highway. Commission or Director.*—Section 27 of the State Highway Commission Act (§8295 Burns 1926, §7671j2 Burns' Supp. 1921), requiring written permit from the State High-

way Director to tear up a State Highway, does not authorize the director or the commission to forbid the construction of a drain across any such highway which has been ordered by a court having jurisdiction of the drainage proceeding.   p. 211.

From Jackson Circuit Court; *James A. Cox,* Judge.

Action by the State of Indiana against Elias B. Douglas and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for the State.

*E. P. Elsner* and *Montgomery & Montgomery,* for appellees.

EWBANK, J.—An action was brought in the name of the State of Indiana, as plaintiff, seeking to enjoin the superintendent of construction and the contractors from cutting through an alleged "State Highway," in building a public drain under an order of court duly made in a drainage proceeding. The only averment in the complaint by which any attempt was made to charge a lack of jurisdiction to order the drain constructed was one to the effect that the State of Indiana was not made a party nor served with notice of the filing of the petition for drainage or the report of the drainage commissioners, and that no notice thereof was given to the attorney-general. But it was also alleged that the Indiana State Highway Commission, before the drainage petition was filed, had adopted a resolution to the effect that none of the state highway funds could be expended for the construction of bridges made necessary by dredge ditches crossing or encroaching upon state highways, and that "the Director cannot give his permission for any such crossing or encroachment until satisfactory arrangements have been made for replacing the highway in as good condition as previous to its being disturbed, which replacement shall be done at the expense of the person or persons in whose behalf such

permit is given, in accordance with the standards of the Highway Commission, under their supervision and without cost to them." It is admitted that the construction of the drain across the highway was duly ordered by the circuit court in a proceeding to which the township where the highway is located was a party, it being one of the petitioners. And there is no showing or attempt to show that there was a failure to join as parties any persons or. corporations which the public records of the county showed to be the owners of, or to have an interest in, any lands across which the drain runs or which would be affected by it. The complaint alleged "that the State of Indiana through its legally constituted department known and designated as the Indiana State Highway Commission, on the 30th day of October, 1917, took over and designated said highway as one of the main market highways of said state," and that such taking over was approved by the Governor, and that it thereby became a part of the system of state highways under the Highway Commission Law. But it was not alleged that this fact was recorded in the public records of the county, nor do we know of any law which provides for so recording it or for making the highway commission or the state a party to such a proceeding. It was further alleged that cutting the ditch across the highway would make necessary the construction of a bridge, and that the Director of the Indiana State Highway Commission had not authorized the highway to be torn up for that purpose nor granted permission to cut the ditch across it, and that neither the drainage commissioner, the contractor, the petitioners for the ditch, nor anybody else, had made satisfactory arrangements for replacing the highway in as good condition as it was before being cut, without expense to the highway commission or the state. Sub-

stantially these facts were proved, but the circuit court refused to grant an injunction. Whether or not such facts gave plaintiff a right to enjoin the construction of the ditch across the state highway is the only question presented for our consideration.

The act concerning drainage expressly provides that a township trustee may petition for the drainage of a public highway, and that the petition "shall be sufficient to give the court jurisdiction over all lands described therein if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfers kept by the auditor of the county where the same is situated." §6167 Burns 1926, §6141 Burns 1914, §2, Acts 1907 p. 509. Under the facts above recited, the circuit court had jurisdiction to order the drain constructed across the highway. *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 575, 85 N. E. 1.

But appellant insists that under the express provisions of §27 of the act creating a State Highway Commission, the highway could not lawfully be torn up without a permit from the State Highway Director. That section reads as follows: "Sec. 27. No state highway shall be torn up or otherwise disturbed for any purpose without the written consent or permit of the state highway director, and then only in accordance with the regulations prescribed by said commission, *provided,* that highways shall not be torn up for any purpose without consent of director; and all such work shall be done under the supervision of the State Highway Director, and all the cost of replacing the highway in as good condition as previous to its being disturbed shall be paid by the person to whom or in whose behalf such permit was given, or by the person by whom the work was done." §8595 Burns 1926, §7671j2 Burns' Supp. 1921, §27, Acts 1919 p. 135.

If this were understood to mean that after a drain-age commissioner and contractor, by due proceedings and the judgment of a court of competent juris-

2. diction, had acquired the right to construct a drain, they could not build it across a state high-way which it intersected until the State Highway Director should give his permission, although it does not fix the terms and conditions on which the permission shall be given, it would be of doubtful validity. An officer cannot be given arbitrary discretion to give or withhold permission for persons to do an act otherwise lawful. *Bills* v. *City of Goshen* (1889), 117 Ind. 221, 226, 20 N. E. 115, 3 L. R. A. 261; *City of Richmond* v. *Dudley* (1891), 129 Ind. 112, 115, 28 N. E. 312, 13 L. R. A. 587, 28 Am. St. 180; *City of Plymouth* v. *Schultheis* (1893), 135 Ind. 339, 342, 35 N. E. 12; *City of Elkhart* v. *Murray* (1905), 165 Ind. 304, 75 N. E. 593, 1 L. R. A. (N. S.) 940, 112 Am. St. 228, 6 Ann. Cas. 748; *Ensley* v. *State, ex rel.* (1909), 172 Ind. 198, 205, 88 N. E. 62; *Yick Wo* v. *Hopkins* (1886), 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; *State, ex rel.,* v. *Superior Court* (1920), 113 Wash. 296, 193 Pac. 845, 12 A. L. R. 1428, and authorities cited on page 1436.

But, as we construe the statute, it was not intended to have any such effect. Ordinarily, the law imposes upon any person who tears up or cuts through

3, 4. a highway the duty to restore it to as good con-dition as it was before, the only exceptions being where such person, by contract or the judgment of a court, or otherwise, has acquired a right to cut into or through the highway without restoring it. Nothing in this act indicates a purpose to change or modify the drainage law, or to enact a law giving or taking away the right to construct public ditches under order of court in a proper proceeding for that purpose. And §27, as we understand its meaning, does not create nor attempt

to create, or empower the State Highway Director to create, any new duties or obligations on the part of persons who cut into or across a highway or tear it up for any purpose; but only gives him the right and imposes on him the duty to see that all such acts are done in conformity with the law on that subject, to which end, the highway commission may prescribe and he may enforce regulations as to the time and manner of crossing which will cause the least possible interruption to and interference with travel, and may enforce payment of the cost of restoring the highway by persons on whom the law imposes that obligation. But it does not vest in the State Highway Director or the State Highway Commission power to forbid or prevent a highway being torn up or cut into or through by persons otherwise lawfully entitled to tear it up or to cut into or through it. The restoration of the highway comes after it has been torn up or cut through, and the power of prescribing regulations in accordance with which the work shall be done does not include power to forbid doing it, nor the power to require that a sum of money be paid or its payment promised or secured as a condition precedent to beginning it, where the person already has that right. The State Highway Director having no power to prevent the construction of the ditch across the highway, as ordered by the court, either permanently or until the defendants should agree in writing to put in a bridge satisfactory to the highway commission, and it not being shown that any regulations as to the manner of crossing had been made, or were being violated or threatened to be violated, appellant had no right of action to enjoin the construction of the ditch across the highway, and there was no error in the rulings complained of.

The judgment is affirmed.