SCHNUCKS MARKETS,
Appellant–Plaintiff,

v.

Wanda P. LYLES, Appellee–Defendant.

No. 82A04–9103–CV–79.

Court of Appeals of Indiana,
Fourth District.

Nov. 26, 1991.

Mark A. Palm, Trimble & Jewell, P.C., Evansville, for appellant-plaintiff.

CHEZEM, Judge.

Plaintiff/Appellant, Schnucks Markets (Schnucks), appeals from the denial of Schnucks' claim for treble damages pursuant to Ind.Code 34–4–30–1.[1] We reverse.

---

1. IC 34–4–30–1 reads in part: If a person suffers a pecuniary loss as a result of a violation of IC 35–43 (offenses against property) ... the person may bring a civil action against the person who caused the loss for the following: (1) An amount not to exceed three (3) times the person's actual damages. (2) The costs of the action. (3) A reasonable attorney's fee ...

On May 11, 1990, Defendant/Appellee, Wanda P. Lyles (Lyles), issued a check to Schnucks in the amount of $50.00. Schnucks presented the check to Evansville Federal for payment but it was returned because of insufficient funds.

Thereafter, Schnucks notified Lyles that her check was not honored. Lyles failed to pay both the amount of the check and the returned check fee.

Schnucks then filed suit in the Small Claims Division of the Vanderburgh Superior Court and sought treble damages. Lyles failed to appear, and the court found for Schnucks, but only awarded damages of $50.00, attorney fees of $75.00, and costs.

■ We first note that Lyles failed to file a brief in this appeal. Thus, we apply a less stringent standard of review with respect to showings of reversible error. Schnucks need only establish prima facie error to win reversal. *Stacey–Rand, Inc. v. J.J. Holman, Inc.* (1988), Ind.App., 527 N.E.2d 726, 727, *reh. denied.*

■ Schnucks contends the trial court erred in failing to award treble damages.[2] We agree. IC 35–43–5–5(a) provides, "A person who knowingly or intentionally issues ... a check ... to acquire ... property, [and knows] that it will not be ... honored by the credit institution upon presentment ... [for payment], commits check deception." Moreover, "evidence that a person had insufficient funds in or no account with a drawee credit institution constitutes prima facie evidence that the person knew that the check, draft, or order would not be paid or honored." IC 35–43–5–5(c). Here, the fact that Lyles had insufficient funds in her account is prima facie evidence that she knew the check to Schnucks would not be honored. Thus, Schnucks clearly suffered a pecuniary loss as a result of Lyles' dishonored check.

The trial court properly found in favor of Schnucks; however, it erred in failing to

award treble damages pursuant to IC 34–4–30–1(1). *McMahon Food Company, Inc. v. Call* (1980), Ind.App., 406 N.E.2d 1206, 1208; *American Leasing, Inc. v. Maple* (1980), Ind.App., 406 N.E.2d 333, 335. Accordingly, we reverse and remand for entry of judgment consistent with this opinion.

Reversed.

CONOVER and STATON, JJ., concur.

---

**2.** Schnucks cites *City of Hammond v. Red Top Trucking Co., Inc.* (1980), Ind.App., 409 N.E.2d 655. We have reviewed *City of Hammond,* and it contains no mention of the issues present in this appeal. Instead, *City of Hammond* addresses issues regarding standing and the constitutionality of excavation ordinances.