## MEYERS v. THE C., R. I. & P. R. Co.

1. **Muncipal Corporations:** ORDINANCE: LIMITING SPEED OF RAILWAY TRAINS. Municipal corporations have power, as a police regulation, to pass ordinances regulating the speed of railway trains within the corporate limits, but such regulations must be reasonable and proper.

2. ——: ——: UNREASONABLE AND VOID. Where an ordinance of a city limits the speed of railway trains to four miles per hour, and the road passes through agricultural lands, fenced on both sides, for three miles after entering the limits of the city, and before reaching the inhabited portion thereof, such ordinance operates as a restraint upon commerce, and, as to such portion of the road, is unreasonable and void.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, DECEMBER 19.

THE plaintiff claims of the defendant one hundred and five dollars, for the killing of a cow. The cause was tried to the

| | |
|---|---|
| 57 | 555 |
| 85 | 503 |
| 57 | 555 |
| 90 | 109 |
| 90 | 772 |
| 57 | 555 |
| 99 | 407 |
| 57 | 555 |
| 115 | 58 |
| 115 | 205 |
| 57 | 555 |
| 128 | 53 |
| 128 | 54 |
| 57 | 555 |
| 142 | 739 |

court on an agreed statement of facts. Judgment was rendered for the defendant. The plaintiff appeals.

*Sapp & Lyman* and *Ament & Sims*, for appellant.

*Wright & Baldwin*, for appellee.

DAY, J.—Upon the trial it was agreed that the animal in controversy was killed by a train of the defendant, running upon the track of its railroad, at a point within the limits of the city of Council Bluffs; that the value of the animal killed was one hundred and five dollars; that the train was running at a greater rate of speed than four miles per hour; and that an ordinance of the city of Council Bluffs, in force at the time the animal was killed, prohibited the running of trains at a greater rate of speed than four miles an hour  It was admitted by the plaintiff that the only negligence that the defendant had been guilty of was, as they claim  the violation of the ordinance of Council Bluffs prohibiting trains from running at a greater rate of speed than four miles an hour.  A plat of the city of Council Bluffs is attached to the abstract, which, in connection with the agreed statement of the parties, shows that the defendants' line of railway enters the limits of said city one and one-quarter miles from the laid out portions of the city, and remains that distance for two and one-quarter miles, running just inside of the city limits; that the railway is fenced on both sides except at public crossings, from the point where it enters the city limits up to Cassady's addition, which is the first platted addition; that the character of the land where the Chicago, Rock Island & Pacific Rrailroad runs through the city of Council Bluffs, up to Cassady's addition, is farm or agricultural lands; that there are no laid out streets of the city of Council Bluffs crossing said track, on said agricultural ground, the only crossings over the track being the public highways laid out by the county, and that the animal was

*(margin note: 1. MUNICIPAL corporations: ordinances: limiting speed of railway trains.)*

killed upon one of these crossings one and one-half miles from the laid out portion of the city. It further appears that the railroad runs three miles within the limits of the city, through farm lands, fenced on both sides, before it reaches the first laid out addition of the city, and that the distance from the point where it first enters the city limits to the Union Pacific Railroad depot is more than five miles.

The ordinance of the city in question is as follows: "Whoever as engineer, conductor or other employe of any railroad company, shall run any locomotive, with or without cars attached, or any hand-car, at a speed to exceed four miles an hour, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not less than five nor more than fifty dollars for each offense."

The city of Council Bluffs is incorporated under a special charter. The plaintiff claims for the city authority to pass the ordinance in question, under section 26 of its charter which provides: "The city council is invested with authority to make ordinances to secure the inhabitants against violation of the law * * * and in general to provide for the safety and prosperity and good order of the city * * * and the comfort and convenience of the inhabitants, and to impose penalties for the violation of its ordinances." * * *

It is conceded by the defendant that under this section the city of Council Bluffs has the right to pass an ordinance regulating the speed of railway trains. It is claimed, however, that the regulation is a police regulation, and to be valid must be reasonable and proper, and not simply convenient; that the ordinance in question is unreasonable, oppressive and vexatious, and therefore, void.

In 1 Dillon on Municipal Corporations, § 319, it is said: "In this country the courts have often affirmed the general incidental power of municipal corporations to make ordinances, but have always declared that ordinances passed in virtue of the implied power must be

2. ——: ——: unreasonable and void.

reasonable, consonant with the general powers and purposes of the corporation, and not inconsistent with the laws or policy of the State." That courts may declare void an ordinance passed by a city, in virtue of its implied powers, is fully sustained by the following authorities: *Hayes v. The city of Appleton*, 24 Wis., 542; *Austin v. Murry*, 16 Pick., 121; *Dunham v. Trustees of Rochester*, 5 Cowen, 462; *T. W. & W. Railway Co. v. Jacksonville*, 67 Ill., 37; *Ex parte Frank*, 52 Cal., 606; *Kip v. Patterson*, 2 Dutcher, 198; *Commissioners v. Gas Co.*, 12 Pa. St., 318; *Waters v. Luch*, 3 Ark., 110; *Mayor v. Winfield*, 8 Humph., 707; *Claxon v. Milwaukee*, 30 Wis., 316; *Clinton v. Phillips*, 58 Ill., 102; *Tugman v. Chicago*, 78 Ill., 405. Whether a by-law or ordinance be reasonable is a question for the court. *Commonwealth v. Worcester*, 3 Pick., 461; *State v. Overton*, 4 Zab. (N. J.), 435. Under the ordinance in question, in this case, it would take three-quarters of an hour, after entering the corporate limits of Council Bluffs, to pass over three miles of railroad, through agricultural lands, fenced on both sides and reach the inhabited portion of the city, and it would take over one hour and a quarter to reach the terminus of the railroad at the Union Pacific depot. One of the objects of railroads is to secure quick transportation for freight and passengers. The ordinance in question not only places an unreasonable restriction upon the railways themselves, but it unreasonably impedes the whole traveling public. No necessity has been shown, and none certainly exists, for limiting railways to a speed of four miles an hour, for three miles before they enter the inhabited portion of a city, and whilst passing through agricultural lands fenced upon both sides. If all the cities situated along the line of the defendants' road between Council Bluffs and Chicago, should enact and enforce a like ordinance, it is apparent that the time between the two cities would be greatly increased. The ordinance operates as a restraint upon commerce, and, in our opinion, ought not to be sustained. The

court did not err in refusing to hold the defendant liable for a violation of it.

AFFIRMED.