# SOUTHERN INDIANA RAILWAY COMPANY *v.* CITY OF BEDFORD ET AL.

[No. 20,558.     Filed October 3, 1905.]

1. MUNICIPAL CORPORATIONS.—*Police Power.—Railroads.—Flagmen at Street Crossings.*—Under clause 42, §3541 Burns 1901, Acts 1895, p. 180, giving cities the power to "provide by ordinance for the security of citizens and others from the running of trains through any city, and to require railroad corporations to observe the same," cities may compel, by ordinance, a railroad company to provide a flagman at a certain street crossing, provided such ordinance be fair and reasonable.     p. 273.

2. SAME.—*Police Power.—Railroads.— Flagmen.— Ordinances.— Validity.*—A city ordinance, compelling a railroad company to keep a flagman every day between 7 o'clock a. m. and 9 o'clock p. m. at a certain street crossing, used for switching, when no

such switching was done after 6 o'clock p. m. or on Sundays or legal holidays, is unreasonable and void as to the time when such crossing was not in use.   p. 274.

3.  MUNICIPAL CORPORATIONS. — *Ordinances.* — *Void in Part.* — Where the void parts of a city ordinance are inseparable from the valid parts, the entire ordinance will be held void.   p. 275.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Suit by the Southern Indiana Railway Company against the City of Bedford and others.   From a decree for defendants, plaintiff appeals.   Transferred from Appellate Court under §1337m Burns 1901, Acts 1901, p. 565, §13. *Reversed.*

*F. M. Trissal* and *Brooks & Brooks,* for appellant.

MONKS, C. J.—The city of Bedford on November 20, 1900, passed an ordinance which provided that "the Southern Indiana Railway Company be and said company is required to employ and station an adult male guard or flagman at the intersection of Fifth street, in said city, with the track or tracks of said company.   It shall be the duty of said guard or flagman to warn all persons on foot or in vehicles of all trains, engines or detached cars at said crossing, and so to guard said crossing between the hours of 7 o'clock a. m. and 9 o'clock p. m. of each and every day of the year, and it shall be the duty of said company to furnish said guard or flagman a suitable flag for use in daytime, and a suitable lantern for use at night."   It is provided in another section of said ordinance that the company shall be fined not less than $10 nor more than $50 for "each and every day it shall fail to comply with the provisions of said ordinance."

Appellant insists here, as it did in the court below, that said ordinance is an unreasonable exercise of the power granted by the legislature, and therefore void.   The court below held that said ordinance was valid, and rendered judgment against appellant.   Section 3541 Burns 1901, clause 42, Acts 1895, p. 180, provides that the

common council of cities shall have the power to "provide by ordinance for the security of citizens and others from the running of trains through any city, and to require railroad corporations to observe the same." As the power granted is to legislate upon the subject named, and the mode of its exercise and the details thereof are not prescribed, the ordinance will be declared invalid, unless it be reasonable, fair and impartial, and not arbitrary or oppressive. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421-423, 35 L. R. A. 684, and authorities cited; *City of Shelbyville* v. *Cleveland, etc., R. Co.* (1896), 146 Ind. 66, 69-73; 1 Smith, Mun. Corp., §§95, 527; 1 Dillon, Mun. Corp. (4th ed.), §§319, 328, 330; Tiedeman, Mun. Corp., §110; 21 Am. and Eng. Ency. Law (2d ed.), 985, 989.

It appears from the record, as stated in appellant's brief, that said tracks which cross Fifth street were used for switching cars to and from the main track for the benefit of the several industries located thereon, and that they were not used on Sundays, nor on legal holidays, nor after 6 o'clock p. m. on any day. It will be observed that by the provisions of the ordinance appellant was required to employ and station a flagman at the crossing mentioned, "between the hours of 7 o'clock a. m. and 9 o'clock p. m. of each and every day in the year." It is evident that on Sundays, legal holidays, and after 6 o'clock p. m. each day, said ordinance was not necessary to the security of the persons, mentioned in said act, from the running of trains, for at such times there were no such trains on said track or at said crossing. It is clear that said ordinance, at least as to such days and hours, was void because not a reasonable exercise of the power granted. *Cleveland, etc., R. Co.* v. *City of Connersville* (1897), 147 Ind. 277, 37 L. R. A. 175, 62 Am. St. 418; *City of Shelbyville* v. *Cleveland, etc., R. Co., supra; Evison* v. *Chicago, etc., R. Co.* (1891), 45 Minn. 370, 48 N. W. 6, 11 L. R. A. 434, 436, 437;

*Meyers* v. *Chicago, etc., R. Co.* (1881), 57 Iowa 555, 10 N. W. 896, 42 Am. Rep. 50; *Burg* v. *Chicago, etc., R. Co.* (1894), 90 Iowa 106, 57 N. W. 680, 48 Am. St. 419, 421-424; *Ex parte Wygant* (1901), 39 Ore. 429, 64 Pac. 867, 54 L. R. A. 636, 639, and cases cited.

The provisions in said ordinance as to the time after 6 o'clock p. m. each day and on Sundays and legal

3.  holidays, not being distinct and separable, the entire ordinance is void. 21 Am. and Eng. Ency. Law (2d ed.), 993, 994.

Other objections to the validity of said ordinance are urged, but, as it is invalid for the reason stated, their consideration is not necessary.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.