CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* TOWN OF SALEM.

[No. 20,960. Filed December 12, 1907. Rehearing denied February 27, 1908.]

1. PLEADING.—*Complaint.*—*Town Ordinances.*—*Railroads.*—*Street Crossing Lights.*—A complaint by a town against a railroad company for its failure to maintain street lights, as required by an ordinance, alleging the incorporation of the town, the passage of the ordinance, the defendant's operation of a railroad across the streets of such town, the town's maintenance of such lights as are required by the ordinance, the dangerous character of the crossings when unlighted, defendant's failure to light, and the operation of its trains at night, states a cause of action. p. 156.

2. MUNICIPAL CORPORATIONS. — *Powers.*—*Ordinances.*—*Reasonableness.*—Municipal corporations possess only such powers as are

expressly granted, or necessarily implied from such express powers; and the mode of exercising such powers, when the method is not specified, must be reasonable, but when it is so specified, the courts cannot declare it unreasonable. p. 158.

3. MUNICIPAL CORPORATIONS.—*Railroads.—Street Crossing Lights.* —Under §3797 Burns 1905, Acts 1905, pp. 219, 231, §31, a town may compel a railroad company which operates trains across the streets at night, to light such crossings with the same kind of lights used by such town in lighting its streets, but not with stronger lights. p. 159.

4. SAME.—*Ordinances.—Lights at Railroad Crossings.*—A town ordinance requiring a railroad company to maintain electric lights of 2,000 candle power—the kind used by it—at its street crossings for one-half hour before the arrival of its trains, is valid, though it contain provisions permitting the company not to light on moonlight nights, or when the town does not light its lamps. p. 160.

5. CONSTITUTIONAL LAW.—*Requiring Railroad Companies to Light Street Crossings.*—Neither the statute authorizing the ordinance, nor the town ordinance requiring railroad companies to light their street crossings with lights of the kind used by the town, is in violation of the federal or state Constitution. p. 162.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Action by the Town of Salem against the Chicago, Indianapolis & Louisville Railway, Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. C. Field* and *H. R. Kurrie,* for appellant.

*Mitchell & Mitchell,* for appellee.

HADLEY, J.—Action by appellee against appellant for the violation of a town ordinance, requiring it to maintain lights at points where its railroad crosses the public streets of said town. The ordinance is in these words:

"Whereas, it is necessary for the safety and security of citizens and other persons from the running of trains through the town of Salem, by railroad companies running and operating railroads through the town, that an electric light be kept and maintained as hereinafter directed at certain crossings where said railroad or railroads intersect certain streets in said town, Now therefore,

Section 1. Be it ordained by the board of trustees of

the town of Salem, in Washington county, Indiana, that it shall hereafter be the duty of every railroad company running and operating a railroad through said town to keep and maintain an electric light at every point where the main track of said railroad company upon which it runs any regular train or trains during the night-time, crosses or intersects at grade any public street in said town; such electric lights shall be of 2,000 candle-power to light the crossings of such railroad where they are placed and maintained in such a manner as to enable citizens and other persons traveling and passing over such crossings to see the track and protect themselves from the danger of running trains on such railroad, provided, such lights shall not be required to exceed in power those now in use for lighting the streets of said town; that the town of Salem now maintains and supports electric lights of 2,000 candle-power each, for lighting the streets and intersections thereof.

Section 2. All lights provided in section one hereof shall be lighted at night during the passage of every train, and for not less than thirty minutes prior thereto. Provided, said lights shall not be required to be kept burning or lighted during such hours or parts of hours when the moon shall be shining so as to give sufficient light to light the crossing as hereinbefore required. And provided further that such lights shall not be required to be kept burning nor lighted during such hours or parts of such hours when the lights in use for lighting the streets of said town shall not be lighted or burning. The purpose of said last provision being to exempt such railroad company or companies from lighting such crossing at any time or times when the streets of said town are not lighted.

Section 3. Any railroad company or railroad companies who shall fail to keep and maintain such lights as hereinbefore provided, or who shall violate any of the provisions of this ordinance, shall upon conviction thereof be fined and forfeit to said town the sum of $10 for each and every offense."

The complaint is in a single paragraph. Defendant's demurrer thereto for insufficient facts was overruled. An affirmative answer in one paragraph was held bad on demurrer, and, the defendant refusing to answer further, judgment was given upon the complaint in favor of the

plaintiff for $10 and costs, from which the defendant appeals, and assigns error on all adverse rulings.

The complaint, filed before a justice of the peace, alleges the due incorporation of the town; the defendant's ownership and operation of a railway through the town;

1.    the crossing of three named public streets therein; the proper enactment of the ordinance; the maintenance by the plaintiff of .electric lights of 2,000 candle-power at street crossings in said town; that the three named streets at the railway crossings are much traveled by the public at all times of the day and night, and are very dangerous without being lighted; that the defendant had failed to put up and maintain lights at its said crossings, as required by said ordinance, and is now running and has continued to run for a long time its cars and locomotives through the town and over said crossings at all times of the day and night    The complaint, as to its formal averments, is good on demurrer, under the ruling in *Town of Brookville* v. *Gagle* (1880), 73 Ind. 117, and *Hardenbrook* v. *Town of. Ligonier* (1884), 95 Ind. 70.

In its answer to the complaint the defendant admits that it owns and operates a railway through the plaintiff city, crossing the three named public streets; that it has but two regular passenger-trains, and one freight-train which pass through said town and across said streets in the night-time; that no extra passenger-train, and not to exceed two extra freight-trains pass through said town after night; that if defendant is required to maintain lights at said several crossings, and have said lights burning for half an hour before and during the passage of all trains, the aggregate burning time for all trains would not exceed two hours per night, on the average; that the present schedule has existed for many years, and there is no probability of its being changed in the near future; that there is, has been, and will be in the near future, very little travel on said streets and across the railway in the night-time; that an electric

light of 2,000 candle-power, which the defendant is required by said ordinance to maintain at each of said crossings, will brightly illuminate said streets for a distance of 300 feet on each side of the crossing, and sufficiently illuminate said streets for a distance of 600 feet on each side of the crossing to enable travelers to use it; that the defendant has no means of its own for the production of electricity; that there is but one electric light plant in the town; that the town maintains electric lights of 2,000 candle-power at its street crossings, which electricity it obtains from said plant by direct current, under which system it is impossible to extinguish one light without extinguishing all; that the town maintains its lights all night, except on moonlight nights, and the defendant cannot secure 2,000 candle-power lights except by connection with said town system, and having it supplied by said direct current, so that it could not turn off its lights at said crossings without extinguishing all the lights in the town; that it is impossible, therefore, for the defendant to maintain the lights required by said ordinance without having them burn from seven to ten hours every night, except moonlight nights, and which will impose upon the defendant an expense of $72 per annum for each light; that if said lights could be extinguished, except for the times required by the ordinance—during the passage of trains—the expense to the defendant would not exceed $10 per annum per light; that an incandescent light at each of said crossings will clearly illuminate the entire right of way at said point, and defendant can construct and maintain such lights at an expense to it of not exceeding $1 per month for each light; that by reason of the premises the ordinance is unreasonable and void in this: (1) The defendant cannot comply therewith without assuming greater burdens than said town is allowed by law to put upon it. (2) It is the purpose of said town to require the defendant thereby to maintain three high-power lights, and burn them at all times, to relieve it of part of its burden of street light-

ing. (3) Said ordinance is so indefinite and uncertain as to be void upon its face. (4) Said town cannot require more of defendant than that it light its right of way at said crossings while there is danger from a train that is about to use it, and said ordinance requiring high-power lights is therefore void. (5) The act of the General Assembly, so far as it empowers towns to pass ordinances requiring lights at railway and street crossings at the sole expense of the railroad company, violates the fourteenth amendment to the Constitution of the United States. The answer in a more concrete form comes to this: The ordinance, under the conditions existing in Salem, is unreasonable and void, because (1) it is uncertain; (2) it requires the defendant to maintain stronger lights and for a greater length of time than is necessary to light the crossings, thus entailing upon it an annual expense of $72 per light, while the defendant could, with incandescent lights, illuminate the entire right of way at the crossings, during all the time the city lights are kept burning, at an expense not exceeding $1 per month for each light.

The law relating to the powers of municipal legislative bodies is settled in this State to the effect following: (1) All powers possessed by cities and towns are expressly conferred by legislative enactment, or implied when necessary to accomplish some municipal purpose. (2) When a city council or board of trustees of a town has conferred upon it by the legislature an express general power, or when a power is implied as being essential to the carrying out of some express municipal duty, the mode of exercising the power must, as a question of law, be reasonable or the ordinance will be declared void. (3) When a power is specifically conferred by the General Assembly, but the manner of its exercise is not prescribed, the mode of employing it must be reasonable or it will be held invalid. (4) When the legislature, under the sanction of the Constitution, provides that a particular thing

may be done, and points out the way for doing it, courts will not strike down the law, or ordinance passed in pursuance thereof, or abridge the authority, because they may deem it to be unreasonable or against public policy. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 35 L. R. A. 684, and cases cited; *Skaggs* v. *City of Martinsville* (1895), 140 Ind. 476, 33 L. R. A. 781, 49 Am. St. 209; *Champer* v. *City of Greencastle* (1894), 138 Ind. 339, 24 L. R. A. 768, 46 Am. St. 390; 1 Dillon, Mun. Corp. (4th ed.), §328.

The trustees of appellee city derived power to legislate on the subject of lighting railroads at street crossings from section thirty-one of the cities and towns act of 1905

3.   (Acts 1905, pp. 219, 231, §3797 Burns 1905), which reads as follows: "The board of town trustees shall have the following powers. * * * (14) To require any railroad company, operating a line of railroad over a street of the town, to maintain a street light at such crossing, to be lit at night during the passage of every train and for not less than thirty minutes prior thereto: Provided, that such board shall have no authority to require such railroad to maintain° any different kind of light at such crossing from that maintained by the town at other street crossings." By this statute the legislature has declared that the board of trustees has the right to require a railroad company to maintain lights at the points where its road crosses the town streets, but the same act specifically declares that that· authority shall extend only to requiring the same kind of lights maintained .by the town at its own street crossings. The statute would mean the same thing if phrased thus: The board of trustees shall have power to require any railroad company to maintain at all points of a street intersection by their railroad the same kind of light maintained by the town at its other street crossings, and no other. We think, however, that the term "kind of light" refers to class, or sort, rather than to grades, or de-

grees, of the same class; that is, that it refers to such general kind and classifications as electricity, gas, oil, and the like, and not to the various grades of such general classes. And while the town board was without authority to require of appellant a light different in kind from that maintained by the town at its street crossings, it was not compelled to exact of appellant the same degree, or strength, of light in use by the town if it should deem a lesser grade adequate properly to light the crossings. In other words, the town had no authority to require a stronger light, but might have required a lesser degree of the same light from that maintained by the town.

This brings our question within the fourth rule before set out, namely, that when the legislature grants a specific power, and specifies how it may be exercised, this

4. court cannot question the power, if constitutional, or the reasonableness of the manner of its exercise. Therefore the admission of the answer, in effect, that the city maintains at its other street crossings lights of the same kind as those required of appellant, precludes us from any inquiry into the reasonableness of the strength of the lights to light the crossings. And even if the legislature had not foreclosed us we should hardly feel at liberty to hold that the board of trustees, in this instance, had abused its discretion in the selection of a proper light. The ordinance cannot be held invalid for uncertainty or indefiniteness. There is strong reason for believing that the one before us is the result of a studied and successful effort to cure the infirmities in a former ordinance of the town, upon the same subject, and which was held invalid by this court in *Chicago, etc., R. Co.* v. *Town of Salem* (1906), 166 Ind. 71. The ordinance held void in the case just cited provided that the lights to be maintained by the railroad company

"shall be electric lights of such candle power, not exceeding 2,000 candle-power, and giving such lighting service as the town of Salem maintains."

It was held that these words of the ordinance "do not attempt or purport to furnish a standard by which the railroad company's guilt or innocence may be determined upon a charge of noncompliance." No such objection can be urged against the ordinance before us. In this the duty of the railroad company is definite and certain. It shall maintain at every point where the main track of the railroad, upon which it runs trains in the night-time, crosses a street of the town, an electric light, which shall be 2,000 candle-power strong. Neither is the ordinance assailable for being uncertain and indefinite as to the times when the lights shall be set, or the length of time they shall be kept burning, as insisted upon by appellant. The language of the ordinance is:

"All lights  *  *  *  shall be lighted at night during the passage of every train and for not less than thirty minutes prior thereto,"

except that the company shall not be required to keep its lights burning when said crossings are lighted by the moon sufficiently to enable travelers to see the track and protect themselves from running trains, or when the town's street lamps shall not be lighted and burning. The provisos and exceptions are made for the benefit of the railroad company. Such company has control, and, of all others, knows best when its trains will pass the crossings. It can be no hardship to require it to take notice of the passage of its trains, and no uncertainty, as affects the company, to require it to light the crossings accordingly, and if it finds it profitable and convenient to extinguish the lights between trains it may rightfully do so. · It would be wholly impracticable for the town to fix certain and definite periods for lighting, since the schedule for the running of trains and orders for special trains would be constantly liable to change. The exigencies of the business requiring more extra trains on one day than upon another, and the running

of such trains during the different times of the day and night would invest the subject with so much uncertainty that the town board might reasonably expect a train to pass at any time of the night, and so would be without any reliable date for periodical lighting. Rather than condemn the ordinance for unreasonableness in its requirements concerning the lighting and burning of the lights, all the exceptions and concessions relating to the subject, and of which appellant complains, are beneficial to the company, and evidently so intended. In the words of the ordinance,

"the purpose being to exempt such railroad company from lighting such crossings at any time when the streets of said town are not lighted."

We think the case is fully within the rule declared in *Chicago, etc., R. Co.* v. *City of Crawfordsville* (1905), 164 Ind. 70.

A 2,000 candle-power light may be stronger than is necessary properly to light the crossings in ordinary weather, but it is not so alleged, and we cannot assume that it would be excessive in foggy, heavy or stormy weather, when it is most needed. Hence there is no ground for saying that either the ordinance passed as a police measure to conserve the safety of citizens in traveling the streets of the town in the night-time, or the statute authorizing the ordinance, is so unreasonable in its exaction as to amount to an invasion of constitutional rights. It is, therefore, not in conflict with either the state or federal Constitution. The demurrer to the answer was properly sustained.

Judgment affirmed.