## PARK HILL DEVELOPMENT COMPANY *v.* CITY OF EVANSVILLE ET AL.

[No. 23,475.    Filed April 19, 1921.]

1. MUNICIPAL CORPORATIONS.—*Powers.—Regulation of Cemeteries.—Statutes.*—The council of a city has no power, under §8655, subdiv. 16, Burns 1914, Acts 1905 p. 219, §53, authorizing the common council of cities to regulate the location and management of cemeteries, to enact an ordinance prohibiting the establishment of cemeteries within a designated territory until a plat of such cemetery has been first filed with and approved by the board and the council, in the absence of a statute or ordinance prescribing rules governing the board or council in determining which of offered plats should be approved and which rejected.    p. 439.

2. MUNICIPAL CORPORATIONS. — *Powers.* — *Cemeteries.* — *Regulation.*—If an ordinance upon its face restricts the right of dominion which the owner might otherwise exercise without question, not according to any uniform rule, but so as to make the absolute enjoyment of his own dominion depend upon the arbitrary will of the city authorities, it is invalid, because it fails to furnish a uniform rule of action.    p. 439.

3. MUNICIPAL CORPORATIONS. — *Powers.* — *Cemeteries.* — *Regulation.* — *Ordinances.* — *Validity.* — *Statutes.*—Although §8655, subdiv. 16, Burns 1914, Acts 1905 p. 219, §16, declares that the common council of every city shall have power to enact ordinances regulating the location and management of cemeteries within the city and for four miles without, etc., a municipal ordinance providing that no cemetery shall be established within the city or within four miles of the corporate limits until a plat of the cemetery has been approved by the board of public works and common council, is invalid as being an attempt to confer upon the officers designated the arbitrary power to approve or disapprove a plat of a proposed cemetery.    p. 439.

4. CEMETERIES.—*Location.—Regulation.—Municipal Ordinance.* — *Validity.* — *Discrimination.* — Although §8655, subdiv. 16, Burns 1914, Acts 1905 p. 219, §16, confers power upon the common council of cities to regulate the location and management of cemeteries, a municipal ordinance providing that the interment of bodies in any cemetery within or nearer than 1,000 feet of any park located or established prior to the passage of the ordinance, is invalid, as being unreasonable and discriminatory, where, the prohibition of burials is not made with the view of protecting the life, health, or comfort of the community,

and applies only to cemeteries within certain arbitrary districts located within the designated distance of parks in existence at the time the ordinance was enacted, thus allowing private interments on lands not in a cemetery, regardless of the proximity of such lands to a park, and permitting the continued use of cemeteries adjoining parks established subsequent to the passage of the ordinance. pp. 439, 441.

5. CEMETERIES.—*Regulation.*—*Protection of Life, Health and Comfort of Community.*—The only basis for legal regulation of the location and establishment of cemeteries is the protection of the life, health, comfort and well-being of the community. p. 440.

6. CEMETERIES.—*Regulation as a Nuisance.*—A cemetery which is a nuisance, or is so located that it will probably become one if permitted to continue, may be so regulated as to prevent or abate the nuisance, and, in a proper case, under sufficient legislative authority, this may extend to the entire prohibition within a designated territory of burials which threaten injury to health and life. p. 440.

7. CEMETERIES.—*Injunction.*—*Right to Relief.*—The owner of land bounded on two sides by an existing cemetery and on the other two sides by highways, may not be forbidden to use it for a cemetery merely because persons visting a park adjacent thereto will pass along a ridge where they can overlook it, less than a thousand feet away, for mere aesthetic reasons, not affecting the public health, life, comfort, or welfare, are not sufficient grounds for restraining the use of private property for cemetery purposes. p. 441.

8. MUNICIPAL CORPORATIONS.—*Powers.*—*Ordinances.*—*Reasonableness.*—*Statutes.*—Where a power is specifically conferred upon the common council of a city or a board of trustees of a town, but the manner of its exercise is not prescribed, the mode of employing it must be reasonable or it will be held invalid, hence, although §8655 Burns 1914, Acts 1905 p. 219, authorizes the common council of cities to regulate cemeteries, the manner of exercising the power thereby conferred not being prescribed, any regulation established by virtue thereof must be reasonable to be valid. p. 442.

9. CONSTITUTIONAL LAW.—*Municipal Ordinances.*—*Validity.*—*Discriminatory Enforcement.*—If a municipal ordinance, not invalid upon its face, is administered by municipal authorities so as practically to make an unjust and illegal discrimination between persons in similar circumstances, material to their rights, there is a denial of equal justice within the prohibition of Constitution of the United States (Amend. 14). p. 443.

10. ESTOPPEL.—*Municipal Corporations.*—*Estoppel .to Protect Public Health.*—It is difficult for a municipal corporation, even by express contract, to estop itself to legislate for the protection of the public health.    p. 443.

From Vanderburgh Superior Court; *F. M. Hostetter,* Judge.

Action by the Park Hill Development Company against the City of Evansville and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Robinson & Stilwell, Charles F. Werner* and *Walton M. Wheeler,* for appellant.

*J. R. Brill, F. H. Hatfield, J. W. Brady* and *E. Q. Lockyear,* for appellees.

EWBANK, J.—The appellant company brought this action against the appellee city and certain of its officers, who are also appellees, to enjoin the appellees from enforcing or attempting to enforce a certain ordinance of the appellee city of Evansville, and to have said ordinance declared invalid. An amended complaint was filed, in a single paragraph. The trial court sustained the demurrer of appellees to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action, to which ruling the appellant company excepted. And upon the refusal of appellant to plead further, final judgment was rendered that the appellant take nothing, and that the appellees recover their costs. From this judgment the appellant duly perfected a term appeal.

The substance of the amended complaint is that appellant is a corporation duly organized for the purpose, among others, of establishing and maintaining a cemetery in Vanderburgh county, Indiana; that in pursuance of such purpose the appellant purchased a tract of forty-five acres of land, located northwest of the city of

Evansville, about one mile outside of and beyond the city limits; that it "is in a sparsely settled neighborhood, that said land is high land, is very broken and unfit for residence or business purposes, and is suitable only for the purpose of a cemetery; that there are no residences within said city limits nearer than one mile from said land; that said land is composed of hills and deep ravines, and that the natural drainage of said land is toward the north and west, the same being in the direction away from the city, and away from any other lands or park owned by said city, and said drainage of said land is far removed and has no connection whatever with the water supply of said city, or any of said city's parks, or other property, or the water supply of any of the inhabitants of said city"; that in February, 1917 (three months before the ordinance complained of was passed), appellant bought this land for $30,000, and paid for it in cash, and thereafter expended $10,000 in grading and improving the land for a cemetery, and caused it to be platted in burial lots, with roads and boulevards therein, and has begun the sale of such lots, but still has many unsold; that appellees knew of these expenditures and the purpose of them, and by their acts led appellant to believe that no objections would be interposed to the location and maintenance of said cemetery, and appellant made said expenditures in reliance on such acts and conduct; that appellant's said lands lie on the west slope of a ridge, the top and east slope of which, owned by the appellee city, form part of Mesker Park, a tract of 200 acres, most of which is wooded, that is used for purposes of amusement and recreation; that just west of the top of this ridge, but depressed ten feet below the surface of the adjacent lands, runs one of the most important highways leading into the city of Evansville, which is sixty feet wide, and separates the said park from appellant's lands, and from the St.

Joseph Cemetery, north of such lands; that appellant's lands are bounded on the north and west by a tract of 100 acres, known as St. Joseph Cemetery, which is now used as a cemetery and has been so used for more than thirty years last past, and is also separated from said Mesker Park only by the highway, sixty feet wide; and the park occupies the same relative position to St. Joseph Cemetery as it does to the property of appellant; that many hundreds of bodies have been interred in the St. Joseph Cemetery, and interments are now made therein almost daily, and that the city now permits, and for many years last past has permitted, the interment of bodies in St. Joseph Cemetery, and said cemetery is constantly used as a place of burial, and burials are constantly being made therein within distances much less than 1,000 feet from said city park; that besides being bounded on the north and west by St. Joseph Cemetery, and on the northeast by the highway which separates it from the park, appellant's land is bounded on the southeast by another highway, so that the two highways and the cemetery completely surround it; that about five acres of the top of the ridge, immediately east of the highway, overlooks appellant's lands (and part of St. Joseph cemetery), but it is not possible to see appellant's lands from any other place in the park, and there is a thick growth of trees and shrubbery on appellant's property near the highway, next to the park; that a street car track or switch by which persons are carried to the park is located upon and occupies a large part of said ridge; that there are now within the corporate limits of said city, cemeteries, some owned and maintained by the city, and others by corporations and individuals with the consent of the city, which are within less than 1,000 feet of streets, walks and public grounds of said city, and are maintained in the same manner in which appellant intends

to maintain the cemetery on its lands; that Oak Hill Cemetery is owned by the city, and is "immediately adjacent to said city, and within less than one hundred feet from the public streets and walks in said city, and residences and public places in said city," and that the appellee city has for many years last past permitted, and now permits, the interment of bodies therein, within less than 100 feet of all of said places; and that the ordinance (hereafter set out) "was enacted * * * for the sole purpose of preventing any competition with the defendant city in the interment of the dead, and was enacted at the solicitation of the trustees of the Oak Hill Cemetery and other cemeteries * * * owned, operated and maintained by the (appellee) city * * * in order to prevent competition with said city in the sale of burial lots to the general public and in the maintenance of a cemetery."

It is alleged that on May 15, 1917, an ordinance which had been enacted by the common council the week before was approved by the mayor, which reads as follows:

### "Ordinance No. 980."

"An ordinance concerning Cemeteries within and without the corporate limits of the City of Evansville.

"Section 1.    Be it ordained by the Common Council of the city of Evansville, Indiana, that it shall hereafter be unlawful for any person, firm, association, or corporation, by himself or agent, to inter any body or deposit the same in any vault in any cemetery within the corporate limits of the city of Evansville, Indiana, or without the corporate limits of said city and within four miles thereof, within or nearer than one thousand (1000) feet of any park located, established or maintained under the jurisdiction of the city of Evansville, prior to the passage of this Ordinance.

"Section 2.    That hereafter no cemetery shall be established by any person, firm, association or corporation for the purpose of interment or deposit of

bodies therein, or no lots sold in any such cemetery, without the corporate limits of the city of Evansville, and within four (4) miles thereof, until a plat of said Cemetery has been first filed with and approved by the Board of Public Works of said City and the Common Council of said City.

"Section 3. Any person, who shall violate any of the provisions of sections One and Two of this ordinance shall, on conviction be fined in any sum not less than Ten Dollars, ($10.00) nor more than one hundred dollars ($100.00), to which may be added imprisonment in the county jail for a period not exceeding six months."

It was further alleged that the appellee members of the board of health had publicly declared that they would refuse to issue any burial permits for the burial of any one in the cemetery on appellant's lands, and that appellees were threatening to, and, unless restrained, would prevent the interment of bodies therein. Many propositions of law, a number of matters advanced as matters of judicial knowledge, and several conclusions of fact as to the necessary effect of the facts pleaded, were also alleged, but the rights of the parties depend upon the law as applied to the foregoing facts, which (for the purposes of the demurrer) are admitted by appellee's demurrer to be true.

The power (if any) under which the common council of Evansville acted in passing the ordinance was conferred by the following provisions of the statute: "The Common Council of every city shall have power to enact ordinances for the following purposes: * * * (16) To regulate the location and management of cemeteries or burial places, within or without such city and to protect the same and provide for the sanctity of the dead; to regulate or prohibit the interment of bodies; and to authorize the removal of bodies now or hereafter buried, or of cemeteries to some other proper place. For these purposes such city shall have jurisdiction for four miles

from the city limits * * * (53) To carry out the objects of the corporation not herein particularly specified." §8655 Burns 1914, Acts 1905 p. 219, §53.

In the absence of any statute or ordinance prescribing rules for the government of the board or council in determining which plats should be approved and 1. which rejected, this statute obviously conferred no power to enact, by the second section of the ordinance, that no cemetery should be established within the territory named "until a plat of such cemetery has been first filed with and approved by the board of public works and the common council."

"If an ordinance upon its face restricts the right of dominion which the owner of property might otherwise exercise without question, not according to any 2. uniform rule, but so as to make the absolute enjoyment of his own depend upon the arbitrary will of the city authorities, it is invalid, because it fails to furnish a uniform rule of action and leaves the right of property subject to the will of such authorities, who may exercise it so as to give exclusive profits or privileges to particular persons." *City of Elkhart* v. *Murray* (1905), 165 Ind. 304, 75 N. E. 593; *Ensley* v. *State, ex rel.* (1909), 172 Ind. 198, 209, 88 N. E. 62.

The second section of the ordinance is invalid, under the facts alleged, as being an attempt to confer upon certain city officers the arbitrary power to approve or disapprove an offered plat of a cemetery for any reason they might choose, or upon a mere whim, without a reason, and to take different action with regard to different plats under like circumstances.

The first section of the ordinance purports to forbid the interment of any body, or its deposit in a vault, "in any cemetery * * * within or nearer 4. than one thousand feet of any park located, established or maintained under the jurisdiction of

the city of Evansville, prior to the passage of this ordinance."

It is so worded as not to apply to territory adjoining any park established after its passage, nor to burials, or the placing of bodies in vaults on private grounds, or at places other than "in any cemetery," however close to a park. And the question is presented for decision whether or not the appellee city had power, by ordinance, to mark off a belt of land 1,000 feet wide, surrounding each of its parks as located, established and maintained under its jurisdiction at the time the ordinance was passed, and permanently to forbid the placing of dead bodies in graves or vaults "in any cemetery" within that territory, even though a mile from the city limits, while placing no restrictions upon the location of cemeteries, and of burials in cemeteries, with reference to their proximity to highways, or dwellings, or the city limits, or to dwellings within such limits; but expressly authorizing in cemeteries owned and controlled by the city the burial of bodies in graves within 100 feet of dwelling houses that were across a public street from such graves, and were inside the city limits. This question must be answered in the negative.

5. The only basis for such regulation of cemeteries as will forbid an owner of land to use it as he pleases is protection of the life, health, comfort and well-being of the community.

6. A cemetery which is a nuisance, or is so located that it will probably become one if permitted to continue, may be so regulated as to prevent or abate the nuisance, and in a proper case, under sufficient legislative authority, this may extend to the entire prohibition within a designated territory of burials which threaten injury to health and life. *Bryan* v. *Mayor, etc.* (1908), 154 Ala. 447, 45 South. 922, 129 Am. St. 63; *County of Los Angeles* v. *Hollywood Ceme-*

*tery Assn.* (1899), 124 Cal. 344, 57 Pac. 153, 71 Am. St. 75; *Odd Fellows Cemetery Assn.* v. *San Francisco* (1903), 140 Cal. 226, 73 Pac. 987; *Laurel Hill Cemetery* v. *San Francisco* (1907), 152 Cal. 464, 93 Pac. 70, 27 L. R. A. (N. S.) 261, 14 Ann. Cas. 1080; *Ex parte Wigant* (1901), 39 Ore. 429, 64 Pac. 867, 54 L. R. A. 636, 87 Am. St. 673.

But we find no authority for holding that the owners of this ground, bounded on two sides by an existing cemetery and on the other two sides by highways, may be forbidden to use it for a cemetery merely because persons visiting a park will pass along where they can overlook it, less than 1,000 feet away. Mere aesthetic reasons, not affecting the public health or life or comfort or welfare, are not sufficient grounds for restraining the use of private property as a cemetery, if the owner so elects. *Sutton* v. *Findlay Cemetery Assn.* (1915), 270 Ill. 11, 110 N. E. 315, L. R. A. 1916B 1135, Ann. Cas. 1917B 559; *Kingsbury* v. *Flowers* (1880), 65 Ala. 479, 39 Am. Rep. 14; *People, ex rel.* v. *City of Chicago* (1913), 261 Ill. 16, 103 N. E. 609, 49 L. R. A. (N. S.) 438, Ann. Cas. 1915A 292.

And an ordinance which does not prohibit burials with reference to anything affecting life, health, comfort, or welfare, present or future, but only in cemeteries within certain arbitrary districts, located within 1,000 feet of parks that were in existence when the ordinance was enacted, and which leaves owners of lands not "in any cemetery" free to inter bodies or deposit them in vaults on such lands, however close to a park, and does not forbid cemeteries adjoining any parks established after the ordinance was passed to continue in use, and which does not forbid burials within 100 feet of dwelling houses inside the city, in cemeteries, if they are more than 1,000 feet from a park, is clearly unreasonable and discriminatory.

*Ex parte Bohen* (1896), 115 Cal. 372, 376, 47 Pac. 55, 36 L. R. A. 618; *Bryan* v. *Mayor, etc., supra.*

If the legislature had conferred express authority to enact this ordinance in the terms in which it was passed, the courts would be without authority to inquire whether or not it was unreasonable, and would be limited to an inquiry whether it was within the constitutional power of, the legislature. Even in that case the power of the legislature arbitrarily to discriminate against certain owners of lands, and to forbid an otherwise lawful use of property for reasons not based upon considerations of public health, life, comfort, or welfare, might well be doubted. But the statute in this case left to the discretion of the common council the form of the. ordinance, the kind of regulations to be enacted, the places to which they should relate, and the circumstances under which they should be effective. When a power is specifically conferred upon the common council of a city or board of trustees of a town, but the manner of its exercise is not prescribed, the mode of employing it must be reasonable or it will be held invalid. *Chicago, etc., R. Co.* v. *Town of Salem* (1908), 170 Ind. 153, 158, 82 N. E. 913, 19 L. R. A. (N. S.) 658; *Southern Ind. R. Co.* v. *City of Bedford* (1905), 165 Ind. 272, 274, 75 N. E. 268, 6 Ann. Cas. 509; *Champer* v. *City of Greencastle* (1894), 138 Ind. 339, 350, 35 N. E. 14, 24 L. R. A. 768, 46 Am. St. 390.

And while the city council of Evansville had undoubted power, in a proper manner and for sufficient reasons, "to regulate the location * * * of cemeteries or burial places * * * and to regulate or to prohibit the interment of bodies," so as to protect the public health, life, comfort and general welfare, it could, only enact reasonable ordinances, and an arbitrary and unreasonable ordinance, so framed as to operate unequally on different persons and on different property

under like circumstances, where no questions of the public health, life, comfort and welfare are involved, must be declared invalid by the courts.

It is also the law that if a municipal ordinance, not invalid upon its face, shall be "applied and administered by public authority with an evil eye and an unequal hand, so as practically to make an unjust and illegal discrimination between persons in similar circumstances, material to their rights, the denial of equal justice is within the prohibition (of amendment XIV) of the Constitution" of the United States. *Yick Wo* v. *Hopkins* (1886), 118 U. S. 356, 373, 374, 6 Sup. Ct. 1064, 30 L. Ed. 220; *Dobbins* v. *Los Angeles* (1904), 195 U. S. 223, 240, 25 Sup. Ct. 18, 49 L. Ed. 169.

But since this ordinance is invalid, under the facts alleged, it is not necessary to consider, and we do not decide, whether or not the allegations as to the use made of St. Joseph Cemetery for burials within 1,000 feet of the park, and of the alleged purpose to favor cemeteries owned by the city, would bring this case within the rule declared by the decisions cited, if the ordinance were not otherwise invalid.

It is alleged that appellant purchased its land in February, 1917, and that the ordinance was passed by the common council May 8, and approved by the mayor May 15, 1917, and that for six months before it was enacted the appellees had knowledge that the purchase was being negotiated and consummated, and of its purpose, and of the improvements made after the purchase, and "by their acts and conduct led appellants to believe" that there would be no objection to the location of the cemetery, and is therefore estopped to forbid the intended use of the ground for cemetery purposes.

It is not easy for a municipal corporation, even by express contract, to estop itself to legislate for the pro-

tection of the public health. *Laurel Hill Cemetery* v. *San Francisco, supra; Brick Presbyterian Church* v. *New York* (1826), 5 Cow. (N. Y.) 538.

But since the ordinance is invalid, it is not necessary to decide, and we do not decide, whether or not the elements of an estoppel are sufficiently pleaded. *Taylor* v. *Griner* (1914), 55 Ind. App. 617, 622, 104 N. E. 607; *Pierce* v. *Vansell* (1905), 35 Ind. App. 525, 533, 74 N. E. 554.

If the appellees rely upon facts not stated in the complaint, by reason of which the ordinance, or either section of it, can operate as a valid enactment, they should present their cause of defense by a proper pleading. As applied to the facts alleged in the complaint, in the absence of other facts, the ordinance in question was unreasonable and invalid, in the particulars as stated.

The judgment is reversed, with directions to overrule the demurrer to appellant's complaint.