## KRYDER *v.* STATE OF INDIANA.

[No. 27,044. Filed June 7, 1938. Rehearing denied July 7, 1938.]

420

*Hammerschmidt & Johnson, Church, Chester & Holderman, Deahl & Deahl, Draper & Draper,* and *McAleer, Dorsey, Travis & Young,* for appellant.

*Omer S. Jackson,* Attorney-General, and *Patrick J. Smith,* Deputy Attorney-General, for the State.

SHAKE, J.—This appeal involves the constitutionality of section 7 of chapter 271 of the Acts of 1937, the same being section 47-120a Burns' Cumulative Pocket Supplement, December, 1937, section 11124-1 Baldwin's Supp. 1937. The section under inquiry and so much of the title of the act in which it is found as relates to it is as follows:

"AN ACT to amend sections 1 . . . of an act entitled 'An act providing for the registration and licensing of motor vehicles, motor bicycles, tractors, trailers and semi-trailers, for the regulation of the use and operation thereof on public highways, defining chauffeurs and providing for the examination and licensing thereof, the suspension and revocation of licenses, and the transfer of ownership, requiring the keeping of certain records of motor vehicles, motor bicycles and motor trucks for which storage, supplies or repairs are furnished, providing that liens may be taken thereon, and prescribing penalties for the violation thereof,' approved March

14, 1925 . . . and to add new sections to the . . . above entitled act to be numbered sections 19½ . . . and providing for an emergency."

"Sec. 7. That the first above entitled act be amended by adding thereto a new section to be numbered section 19½ to read as follows: Sec. 19½. The certificate of registration hereinbefore referred to, issued upon the sale of license plates, shall be prominently displayed at all times in a holder approved by and bearing the stamp of approval of the commissioner of motor vehicles, in the lower inside right-hand corner of the windshield of every motor vehicle licensed by the State of Indiana, in such manner so as to be legible through the windshield to an observer outside the motor vehicle. Provided (,) however; (,) that in case of a motor bicycle the certificate of registration shall be carried either in plain sight affixed to said motor bicycle, or in the tool bag or some other convenient receptacle attached to said motor bicycle. The commissioner of motor vehicles shall make available for purchase at the office of the bureau of motor vehicles and all duty (duly) authorized license branches an approved holder at a fee not to exceed twenty-five cents. For such holders so furnished by the commissioner of motor vehicles, said commissioner of motor vehicles shall receive bids from manufacturers of and dealers in approved holders and shall accept the lowest and best bid or bids submitted, quality, appearance and usability considered. The commissioner of motor vehicles shall have the right to reject any and all bids. All fees collected under the provision of this section, except so much thereof as may be appropriated for the cost of carrying out the provision of this section, shall be deposited daily with the state treasurer to be credited to the general fund of the State of Indiana. Anyone violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and, upon

conviction therefor, shall be punished by a fine of not less than one dollar ($1.00) nor more than twenty-five dollars ($25.00), to which may be added imprisonment in the county jail for thirty (30) days. This section shall be in full force and effect on and after January 1, 1938."

The appellant having been convicted on a charge of violating the above section, prosecutes this appeal, alleging error in the overruling of his motion to quash and in denying his motion in arrest of judgment. It is his contention that the section set out above violates the following specific provisions of the Constitution of Indiana: (1) Section 23 of article 1, which is that: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens"; (2) Section 1 of article 3, which reads: "The powers of the Government are divided into three separate departments: the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided"; (3) Section 19 of article 4, which says: "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title"; and (4) Section 5 of article 10, which is: "No law shall authorize any debt to be contracted, on behalf of the State, except in the following cases: To meet casual deficits in the revenue; to pay the interest on the State Debt; to repel invasion, suppress insurrection, or, if hostilities be threatened, provide for the public defense." It is also contended that said sec-

tion violates section 1 of the Fourteenth Amendment to the Constitution of the United States, which provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

"It is the duty of the courts to uphold an act of the legislature, if it is possible to do so without violating the Constitution, and, in doubtful cases, to resolve the doubt in favor of the action of the legislature; but where it is clear that the law offends a constitutional inhibition, then it is the duty of the courts to uphold the Constitution rather than the statute which is violation thereof." *Jackson* v. *State* (1924), 194 Ind. 248, 251, 142 N. E. 423.

We have carefully considered the legislation before us in the light of every constitutional objection urged against it. We do not find that it is defective on the grounds that it is class legislation, that the title of the act is insufficient to embrace the subject-matter thereof, that it creates a public debt, or that it infringes upon the due process clause of the Federal Constitution. *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 151 N. E. 390; *Maholm* v. *Finney,* So. Dist. of Indiana (1938).

From the briefs before us and the arguments of counsel, it appears that the principal objection urged against this act is that it constitutes an unauthorized delegation of the legislative power lodged by the State Constitution in the General Assembly. The division of the processes of government in this country into three

coordinate and distinct branches is historic and traditional. "One of the settled maxims in constitutional law is, that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the State has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the constitution itself is changed. The power to whose judgment, wisdom, and patriotism this high prerogative has been intrusted cannot relieve itself of the responsibility by choosing other agencies upon which the power shall be devolved, nor can it substitute the judgment, wisdom, and patriotism of any other body for those to which alone the people have seen fit to confide this sovereign trust." 1 Cooley's Constitutional Limitations (8th Ed.) p. 224. In *Locke's Appeal* (1873), 72 Pa. St. 491, quoted with approval by this court in *Blue* v. *Beach* (1900), 155 Ind. 121, 133, 56 N. E. 89, the following clear and explicit language is used: "Then, the true distinction, I conceive, is this: The legislature can not delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which can not be known to the law-making power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation."

With these observations in mind the question is, whether or not section 7 of chapter 271 of the Acts of 1937 constitutes an unauthorized delegation of legislative power by the General Assembly. The act is clearly an attempt to exercise the police power of the state. Its main objective appears to be to provide a convenient

and practical means of identifying motor vehicles and the owners thereof so as to facilitate inspection by police officers and to insure a more general observance of the laws of the state with respect to such vehicles. The provisions for holders for the certificates of registration and for the approval of the type of same, as well as for the purchase thereof from manufacturers and their distribution to car owners, are all in aid of the broad and general purposes of the statute.

It is, of course, true that the General Assembly may not delegate discretionary duties to administrative officers without imposing reasonable standards under which such discretion is to be exercised. In criticism of this·act, appellant claims that there is a total absence of such standards. We do not so construe the law. The commissioner is authorized to contract for holders of a type approved by him, and in the purchase of holders from manufacturers he is required to buy those which are offered for the lowest and best bids submitted, "quality,·appearance and usability considered." The effect of this limitation is to restrict him in the purchase of holders to those possessing definite characteristics. The use of holders not bearing the commissioner's approval is prohibited, so that, in effect, the limitation on his power to purchase, is likewise a limitation on his authority to approve. This conclusion is justified by the application of the rule that to determine the meaning of a statute it should be considered as a whole and that all its provisions should be read together. *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, Ann. Cas. 1914 D 1284; *Huff* v. *Fetch* (1924), 194 Ind. 570, 143 N. E. 705.

The validity of legislation regulating public utilities rests, in many instances, upon the single limitation that rates and charges fixed by administrative boards and commissions shall be *reasonable*. Legislation of this

character is sustained upon the theory that it is proper for the legislature to delegate to such boards and officers the function to determine what is or what is not reasonable under the particular facts. *Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.* (1908), 191 N. Y. 123, 83 N. E. 693, 18 L. R. A. (N. S.) 713; *Idaho* 141 Pac. 1083; *Minneapolis, etc. R. Co.* v. *Railroad Commission* (1908), 136 Wis. 146, 116 N. W. 905, 17 L. R. A. (N. S.) 821. The restriction imposed by the act before us that the holders purchased by the commissioner for distribution to the public shall possess quality, appearance and usability, is none the less definite and specific.

Under a general statute giving to a state board of health power to restrict and suppress contagious and infectious diseases, such department has authority to designate such diseases as are contagious and infectious, and the law is not void for this reason on the ground that it delegates legislative power. *People ex rel. Barmore* v. *Robertson* (1922), 302 Ill. 422, 134 N. E. 815, 22 A. L. R. 835; *Ex Parte McGee* (1919), 105 Kan. 574, 185 P. 14, 8 A. L. R. 831. Having provided that registration certificates shall be displayed on the windshields of motor vehicles for which they are issued, it was within the power of the legislature to delegate to the commissioner of motor vehicles the administrative act of selecting, approving, and procuring suitable holders therefor of such quality, appearance, and usability as would, in his judgment, accomplish the end sought. Counsel for appellant has directed our particular attention to the cases of *City of Richmond* v. *Dudley* (1891), 129 Ind. 112, 28 N. E. 312; *City of Elkhart* v. *Murray* (1905), 165 Ind. 304, 75 N. E. 593; and *Park Hill Development Co.* v. *City of Evansville* (1921), 190 Ind. 432, 130 N. E. 645. What we have already said clearly distinguishes the present case from these authorities.

The act under consideration has come to be popularly known as "The Gadget Law" and much that has been said about it in briefs and in oral argument has ■ reference to its virtue rather than its legality.

This court cannot concern itself with matters of legislative wisdom. If the act is ill-advised or undesirable the public should look to the General Assembly for its repeal. This court is not only called upon to decide the case but it is required by section 5 of article 7 of the State Constitution to "give a statement in writing of each question arising in the record of such case." The opinions filed by this court, pursuant to the above constitutional requirement, become a part of a law of the state. If the act in question should be stricken down for reasons that are unwarranted or unsound the precedent might be used in the future to invalidate legislation of a highly desirable character. We hold that section 7 of chapter 271 of the Acts of 1937 is not unconstitutional.

The judgment is affirmed.